JACKSON, *ex dem.* CANTINE and others, *against* STILES,
(GEORGE CLARK, tenant.)

JACKSON, *ex dem.* CANTINE and others, *against* STILES,
(BUEL, tenant.)

JACKSON, *ex dem.* VAN GORDEN, *against* STILES, (HOL-
LENBECK, tenant.)

Jackson
v.
Stiles.

*Friday, August
18th.*

SCOTT, for the defendants, moved to set aside the defaults entered in these three causes, and that *George Clark* be admitted to defend the two last causes, as landlord ; and further, that all the causes be removed into the circuit court of the *United States,* to be held in the district of *New-York.*

It appeared, from the petition and affidavit of *Clark,* that he was a *British* subject, and not a citizen of the *United States;* and that he was the landlord of the premises in question, which were above the value of 500 dollars ; and that he had been in the actual receipt of the rents and profits.

The declaration in ejectment in the first cause, was served on the 13th *May* last, at *Catskill,* in the county of *Greene;* and on the same day, *Clark* received notice of the service of the declaration, on the tenant, in the third cause ; and on the 3d *August,* was informed of the service of the declaration on the tenant, in the second cause. It did not appear on what day the declarations, in the two last causes, were actually served, but it was prior to the 2d *Monday* of *May,* as the notice was to appear on that day. The premises in question, are situated in *Catskill.* The defaults, in all the causes, were entered on the 19th *July* last, and rules for final judgment entered on the 11th *August.* The judgment rolls were signed and filed, on the 16th *August.*

After a judgment by default, against the casual ejector, in ejectment, the landlord may be let in, to appear and defend; and if he be an *alien,* he is, at the time when he is let in to defend, in season to petition for the removal of his cause into the court of the *United States.* Where actions of ejectment, after a judgment against the casual ejector, are removed into the circuit court of the *United States,* this court will order all further proceedings on such judgment to stay, until the further order of the court.

ALBANY,
August, 1809.

Jackson
v.
Stiles.

*Van Buren* and *Foot*, contra.   The notice of this application, was served on *Thursday* evening, at 10 o'clock

*Per Curiam.*   That was sufficient notice.

*Van Buren* and *Foot.*   The two last causes, are not within the act of the *United States*,* which speaks only of suits against aliens.   These suits are against citizens, not aliens.   *Clark* may, perhaps, be interested ; but the nature of the tenancy is not stated, and it may be that the defendants are tenants for life.   If so, they are parties in interest.

* 1 Sess. 1 *Cong.*
c. 20. s. 12. vol.
1. p. 56.

In the first cause, the affidavit is entitled in the cause of *Jackson, ex. dem. Cantine* and others, v. *John Stiles.* The name of *Clark* does not appear.   There is, therefore, no suit commenced against him.

Again, the application comes too late, after the judgment has been perfected.

The laws of the *United States*, also, direct, that the defendant shall, at the time of entering his appearance in the state court, file his petition for the removal of the cause.

*Henry*, in reply.   It was one object of the third article in the constitution of the *United States*, and the intention of congress, in the judiciary act, to give to aliens a choice between the courts of the *United States* and the state courts.   This right ought to be favoured, and construed liberally.

The relation of landlord and tenant, between *Clark* and the tenants, is made out by the affidavits ; and the landlord may defend, with the tenant, if he appear, and without him, if he does not.   The court cannot deny him this right, secured to him by the statute.†   If the tenant refuse to appear, the landlord has a right to appear

† 11 Sess. c.
36. s. 30.

without him. The default of the tenant, is equivalent to a refusal.

If the landlord is admitted to defend, he cannot be said to appear until he is so admitted, and enters into the consent rule ; so that *Clark*, if admitted, comes strict- ly within the letter of the law of the *United States*, as to the time of presenting his petition.

The notice of the ejectment, was not received by *Clark*, until the 13th *May*, so that he is in time to apply at this court.

KENT, Ch. J. In an ejectment, the landlord is entitled to be made defendant, after judgment has been entered against the tenant, who neglects or refuses to defend. By the judgment of law, the tenants, in the two last cau- ses, must be considered as neglecting to defend. When the landlord is admitted as a defendant, he then *appears*, and is, therefore, in season to petition the court, that his cause may be removed. In the first cause, the ser- vice of the notice of the declaration was so late, that he had not time to apply before this term. (1 *Caines*, 503.) He is, therefore, clearly in time to make the application. As defendant, then, in all the causes, *Clark* is entitled, being an alien, to remove them.

As to any difficulty which may occur, in regard to the two last causes, in consequence of judgments against the casual ejector, which, under our statute are to remain, when a landlord is let in to defend, they arise from the fiction of the action of ejectment, which ought not to preju- dice the right. The following rule, must, therefore, be entered : " That *George Clark* be admitted to appear, and defend, as landlord, in the two last causes, and that the default, and subsequent proceedings in the first cause, be set aside, on payment of costs ; and that as to the judgments against the casual ejector, in the two last causes, there be no further proceedings in this court,

until the further order of the court; and that the motion of the said *George Clark* to remove all the said causes, into the circuit court of the *United States*, be granted."

Thompson, J. Van Ness, J. and Yates, J. concurred.

Spencer, J. I concur in granting the rule in the first cause, but not in the others.

The constitution of the *United States* has secured to aliens, in certain cases, the right of insisting that a cause instituted in a state court, shall be tried in a court of the *United States;* and if *Clark* has brought himself within the provisions of the constitution, and the statute under it, this court would grant him the object of his application, without travelling out of the case, to look at the subject matter of the suits, and without regard to any decisions which may have been had upon that subject, in the courts of this state.

Mr. *Clark*, being landlord of the premises in the two other causes, appears in time to make his application. But a serious difficulty presents itself; for though we are bound to admit the landlord to defend, on the refusal or neglect of the tenant to appear, the judgment against the casual ejector is to stand, and a stay of execution is to be entered, until the right is tried.* It will be found that by the *English* practice, under their statute, of which ours is a copy, in relation to the admission of landlords to defend, that where the landlord defends alone, instead of the tenant, judgment must be entered against the casual ejector; that the plaintiff, after having tried his cause against the landlord, and succeeded, may have the benefit of his verdict, and obtain possession under the judgment against the casual ejector, which, under such verdict, he could not.† It is a settled rule, that in ejectment, the plaintiff must prove the defendant in possession of the premises, when the action was brought;

* *Rev. Laws*, v. 1. p. 146. 11 sess. c. 36. s. 30.

† *Run*. 403. *Barnes*, 179.

and if the rule be, as laid down in *Runnington*, that, upon a verdict against the landlord, the tenant cannot be dispossessed, how could the present lessors, should they prevail in the court of the *United States*, obtain the fruits of their verdict?

But even this difficulty must yield to the mandates of the constitution, if these cases come within it, and the act passed to carry into effect its provisions. There is nothing in the constitution or statute, taking away the jurisdiction of a state court; they have, undoubtedly, concurrent jurisdiction; and although in cases where foreign subjects are parties, the courts of the *United States* have concurrent and appellate jurisdiction, the constitution* leaves it to congress, in cases where the courts of the *United States* have appellate jurisdiction, to regulate the manner, and to adopt such exceptions as they see fit. The 12th section of the act, to establish the judicial courts of the *United States*, provides, " that if a suit be commenced in any state, against any alien," then, &c. it may be removed, under certain exceptions and regulations, to the next circuit court, to be held in the district where the suit is pending. In this case, no suit has been commenced against Mr. *Clark*; it was technically against *John Stiles*, but substantially against the tenant in possession, and therefore, though the landlord may be permitted to defend here, he is not within the provision of the act, as no suit has been commenced against him. I am, for these reasons, for denying the application to remove the two last suits, but am for admitting him to defend, and ordering a stay of execution.

Rule granted, <em>ut supra.</em>