JACKSON, *ex dem.* WOOD, *against* HARROW, SURVIVOR OF MORSE.

In a certificate of the proof of the execution of a deed before a master in chancery, or other officer, it is not necessary to state that the officer *personally* knew the subscribing witness; and when the objection was, that it did not appear that the master knew the witness who made the proof; the court, on a motion for a new trial, intended that the *certificate* of the master stated that he had satisfactory evidence of the person being the subscribing witness.

Where the *landlord* unites with the tenant in defending a suit in ejectment, it is sufficient to prove the *tenant* to have been in possession at the commencement of the suit, and his possession is deemed to be the possession of the *landlord.*

Where a defendant serves copies of affidavits on a plaintiff, the originals of which are on file, he cannot afterwards object to reading the copies in evidence, but they are to be considered as equivalent to *office* copies.

THIS was an action of ejectment, tried at the last *Cortlandt* circuit, before Mr. Justice *Spencer.*

At the trial, the plaintiff produced a deed in fee, dated the 12th of *February,* 1808, from *Thomas Burk,* for the premises in question. The defendant objected to the admission of the deed in evidence, upon the proof thereof before the master in chancery, " as it did not appear that the master knew the witness who made proof before him of the identity of the grantor." But the objection was overruled by the judge, and the deed admitted.

In *July,* 1808, the lessor of the plaintiff made some improvement on the lot in question; and one *Porter* erected a log house on the lot, under the lessor, and one *Bennet,* afterwards, occupied it under the lessor; and when he left it, *Morse,* against whom this action was brought, entered and took possession of the house and improvements, and held the same until his death, which was since the cause was at issue, and before the trial.

There was no evidence that *Harrow,* the other defendant, was in possession, at the commencement of the suit, or at any other time; and the defendant objected, that the plaintiff could not recover without showing him to have been in possession when the suit was commenced.

The lessor then gave in evidence, a certified copy of a rule of the court, of the 14th of *May,* 1813, by which the de-

fault and ejectment against the casual ejector, and subsequent proceedings, were ordered to be set aside, and *Joseph Harrow* be admitted a defendant with *Morse*, the tenant ; and that *Jona-* *than Armstrong,* and the joint devise in which he was named, should be struck out of the declaration.   It appeared that the defendant's attorney had served the plaintiff's attorney with a notice of the motion to set aside the default, &c. and to have *Harrow* made defendant with *Morse*, and with a copy of the affidavits of *Harrow* and *Morse*, on which the motion was founded.   *Harrow*, in his affidavit, stated, that *Morse* held the premises in question under a lease from him, and that *Morse* was unable to make him satisfaction for his neglect, in not giving him notice of the commencement of the suit : and *Morse* also swore that he held the premises under a lease from *Harrow*.   The plea and consent rule were also produced, and in which both *Harrow* and *Morse* appeared as defendants.   *Morse*, afterwards, died, and his death was suggested on the record.   The plaintiff contended that the affidavits showed that *Harrow* defended as *landlord*.   The defendant objected to the admissibility of the affidavits in evidence; and that it did not appear, by the rule of court, that *Harrow* was admitted, otherwise than as a joint defendant with *Morse*.   The judge overruled the objection, and, under his direction, the jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, on which the case was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court.   The objection to reading the deed in evidence was, that the master in chancery had not stated in his certificate of proof, that he knew the witness making the proof to be the subscribing witness to the deed.   The act requires, (1 *N. R. L.* 369.) that the officer, taking the proof of a deed, must know the person making the proof, or have satisfactory evidence that he is a subscribing witness to the deed.   In this case the master did not know the witness, but we are to intend that the certificate states that he had satisfactory evidence that he was the subscribing witness. The objection at the trial, that no deed could be proved, unless the officer taking the proof personally knew the subscribing witness, is clearly unfounded.

*Harrow* had been admitted a co-defendant with *Morse*, upon his own application, and by order of the court; and this is one of the methods pointed out by the statute for the landlord to adopt. He may join with the tenant in the defence; or in case the tenant refuses to appear and defend, judgment may be entered against the casual ejector, and the landlord will be permitted to enter into the consent rule, and a stay of execution be ordered on the judgment, until the title be tried. (1 *N. R. L.* 445.) When the landlord unites with the tenant in the defence, it is sufficient to prove the tenant to have been in possession at the time of the commencement of the ejectment, and his possession is to be deemed the possession of the landlord.

The rule of court, authenticated by the clerk, was unobjectionable evidence to prove the fact that *Harrow* had been admitted a co-defendant. I perceive no objection to the admission of the affidavits. The originals were on file, and the copies offered in evidence, as between *Harrow* and the plaintiff, were authenticated by *Harrow* himself. He served them as true copies on the plaintiff's attorney, and cannot be listened to, in saying they are not true copies of the affidavits on which the motion was made, and the rule granted; they were equivalent to office copies.

Motion denied.