JACKSON, *ex dem.* SAGER *et al. against* STILES, BURTON, tenant.

S. P.
A motion to
admit a land-
lord to defend
in ejectment,
may be groun-
ded on the af-
fidavit of his
agent, shewing
the relation of
landlord and
tenant be-
tween him and
the tenant in
possession.

H. HAMILTON, made a similar motion in this cause. It was founded on his own affidavit, that the tenant was in possession, under *P. & B. Livingston* and others, his landlords, as whose agent, duly authorized, he (Mr. *H.*) demised to *Burton*, by virtue whereof he is in possession of the *locus in quo*.

*I. Seelye*, contra, objected, that the affidavit was by the attorney, without assigning any excuse for its not being made

Where the landlord is admitted to defend alone, judgment may be signed against the casual ejector.
To entitle the landlord to defend alone, it must first be shewn, by affidavit, that the tenant refuses, or has neglected to appear.

by the landlords, or one of them. The Court could not see that the landlords' title still exists, or that they have even a wish to defend. To entitle a landlord to defend, he must shew a present subsisting privity of interest, between himself and the tenant.(a) This is not, nor can it be sworn to by the attorney. The privity, though once existing, may long since have expired, and the landlords' interest may be at an end. The same objection, as in the last cause, was made, that the landlords could not defend alone.

*Curia.* The affidavit is sufficient to establish the relation of landlords and tenant between the *Livingstons* and *Burton.* This is not a fact peculiarly within the knowledge of the landlord, like those cases in which we require the oath of the party, or an excuse for the affidavit of a third person. It is susceptible of proof, like any other fact, and is fully shewn in this case.

But the application of the landlords, for admission to defend alone, cannot be granted. To entitle them to do this, it must first be shewn, by affidavit, that the tenant refuses, or has neglected to appear. This is not done. Our statute,(b) on this subject, is the same as that of 11 *Geo.* 2. *c.* 19, *s.* 13; and the practice under both statutes is the same.(c) Where the landlord defends alone, judgment is entered of course, against the casual ejector. Unless this is done, the plaintiff cannot have the effect of his judgment, which goes against a man out of possession.(d) The notice is sufficiently broad,(1) to receive the landlords as de-

Margin notes:

UTICA,
August, 1823.

JACKSON
v.
STILES.

(a) Jackson, ex dem. Van-derwerker, v. Stiles, 10 John. Rep. 67.

(b) 1 R. L. 443, s. 30.
(c) 4 John. Rep. 495-6. 11 id 436. Barn. 179. 2 Sell. Pr. 102.
(d) 2 Sell. Pr. 107-8. Barn. 179. Run. 403. 4 John. 496.

(1) The notice was of a motion for a rule, that the landlord be made a defendant instead of *Stiles, or for such other rule or order as the Court should direct upon the premises.* This, for more abundant caution, should be inserted in every notice of motion, where the nature of the relief to be granted is, in the least, doubtful. It answers the same end, in a notice, as a prayer of general relief in a bill in Chancery; for, although the specifick rule sought may be refused, yet another may then be granted, adapted to the case made upon the affidavits, on both sides; whereas, if the notice stop, with seeking a particular rule, it is doubtful whether any other can be made, if objected to for the narrowness of the notice. Indeed, in *Alexander* v. *Esten,* (1 *Caines' Rep.* 152,) the Court refused relief, beyond such

UTICA,
August, 1823.

fendants, jointly with the tenant, and we direct a rule accordingly.

(a) Ante, 1, S. C.

a notice. These motions are many times similar to a bill in Equity, not only in the uncertainty as to what relief will be finally granted, but in the very subject of relief itself. For the high value which is set upon this general prayer of equitable relief, vid. *Coop. Treat. Pl. Eq.* 13. *Grimes* v. *French*, 2 *Atk.* 141. And in *Cook* v. *Martin*, 2 *Atk.* 3, Ld. *Hardwicke* said, " Praying general relief is sufficient, though the plaintiff should not be more explicit in the prayer of the bill ; and Mr. *Robins*, a very eminent counsel, used to say, general relief was the best prayer, next to the Lord's prayer."

Mr. *Dunlop*, in his *Pr. p.* 319, has the clause thus : " For such other or further order, as the Court may think meet to grant in the premises."

(2) Where the tenant lies still, and suffers judgment to be signed against him, this shall be deemed a neglect to defend ; and the landlord, on shewing this, may be let in. (Per *Kent, Ch. J.* in *Jackson* v. *Stiles*, 4 *John. Rep.* 495, and vid. *Troughton* v. *Roe, Burr.* 1996.) But the landlord may be made defendant alone, before judgment, on an affidavit that the tenant had refused to appear. (*Barn.* 179.) It is then made a part of the rule, that the plaintiff may sign judgment against the casual ejector, but that the writ of *hab. fac. poss.* be staid till farther order. This was done in *Roe* v. *Doe*, (*Barn.* 179, and vid. 1 *R. L.* 443, *s.* 30. 11 *John.* 436.) Indeed, it is advisable to ascertain whether the tenant will appear ; and, if he refuses, to make the motion before judgment ; because, after judgment, it is a matter of discretion to admit the landlord or not. (*Adams*, 239. *Dobbs* v. *Passer, Str.* 975.) When the rule is to appear with the tenant, it is in the alternative, that the landlord be made defendant with the tenant, if he shall appear, and if not, that he may appear alone, and enter into the consent rule, and that the plaintiff sign judgment against the casual ejector, and that execution stay, &c. (Vid. the form of this rule, in *Tidd's Appendix* by Mr. *Caines.* 474-5. *Adams' Eject. App. No.* 29.)