# FRANKLIN COUNTY,

[Continued from *ante*, page 218.]

---

### SAMUEL MAXFIELD *v.* MADISON SCOTT.

A person, who is specially authorized to serve a writ, and who serves the same by attaching property, and delivers the property to a receiptor, may maintain an action upon the receipt, against such receiptor, in his own name, if the receiptor, after due demand by a legal officer, refuse to deliver the property to be disposed of upon the execution.

If the receipt, in such case, is signed by several, and they, in terms, "jointly and severally" promise to keep and deliver up the property, or pay all damage, the officer taking the receipt may maintain an action thereon against any one of such signers; and it is unnecessary to notice, in the declaration, the fact that there were other signers of the receipt.

When a declaration counts directly upon an instrument in writing, and does not profess to recite it, it is sufficient to declare according to the legal effect of the instrument.

Where, in a receipt for property attached upon mesne process, the receiptor promises to safely keep the property, and deliver it to the officer holding the execution which may be obtained in the suit, or "pay all cost and damage, in case of failure," and the judgment finally recovered by the plaintiff in the suit, together with the cost and officer's fees, for which the receiptor is liable, amount to a sum less than $100, the county court have not jurisdiction of an action upon the receipt, notwithstanding the value of the property attached, as expressed in the receipt, may exceed $100.00.

If the county court have not original jurisdiction of an action commenced in that court, yet, if the parties mutually agree to a reference of the action, under an order of court, and it is referred, the objection on account of the want of jurisdiction is thereby waived.

ASSUMPSIT upon a receipt for property attached on *mesne* process. The plaintiff alleged in his declaration, in substance, that he was specially authorized by a justice of the peace, pursuant to the

Maxfield *v.* Scott.

statute, to serve a writ in favor of Henry Maxfield against Jabez Woodworth and George W. Woodworth; that he made service of said writ upon Jabez Woodworth by attaching certain personal property, describing it, of the value of $143.00; that he delivered the said property to the defendant, who promised to safely keep the same, and deliver it to the plaintiff, or any proper officer, who might hold an execution in favor of Henry Maxfield upon the suit aforesaid, upon demand, or pay all cost and damage in case of failure; that the said writ was returned *non est inventus* as to George W. Woodworth; that the said Henry Maxfield eventually recovered judgment against said Jabez Woodworth, in said suit, for $60.94, damages, and $18.66, costs of suit; that said Henry Maxfield took out an execution on said judgment, and delivered the same to one Morgan, a deputy sheriff; that said Morgan duly demanded said property of the defendant; that the defendant refused to deliver the property to said Morgan; that said Morgan returned the execution to the clerk of the court, from whom it issued, with the sum of $2.61 endorsed on the same as his fees thereon; and that said judgment and execution still remained unpaid.

The writ was made returnable to the September Term, 1843, of Franklin county court, and was continued to the April Term, 1844, of said court, at which term the parties mutually agreed to a reference of the cause, under an order of court, pursuant to the statute, and the cause was so referred. At the next term of the court the referees made their report, showing the facts in the case to be, in substance, as follows.

The writ in favor of Henry Maxfield was sued out, and the plaintiff was, by the magistrate, before whom the writ was made returnable, authorized to serve the same, and service thereof was made, as set forth in the plaintiff's declaration, and the property attached was, by the plaintiff, delivered to Jabez Woodworth, and a receipt was taken by the plaintiff therefor, which was signed by the defendant, and by Jabez Woodworth, Carlton Woodworth and Charles Spalding. The receipt described the property attached, and specified its value as being $151.00, and also described the note in suit as being given for $73.84, and the signers, in terms, "jointly and severally" promised to keep the said property safe, and deliver the same to the plaintiff, or any proper officer, who might have an exe-

cution in favor of Henry Maxfield upon the writ aforesaid, upon demand, " or pay all cost and damage in case of failure." Judgment was eventually recovered by Henry Maxfield, in said suit, against Jabez Woodworth, for the sums specified in the declaration, and an execution was taken out and placed in the hands of a deputy sheriff, in due season, who made a legal demand of the property of the defendant, and, the defendant not delivering to him the property, he returned the execution with his fees indorsed thereon, amounting to $2.61. The judgment and execution remained unpaid.

The defendant insisted, before the referees, that the plaintiff could not recover, unless he proved that he had paid said execution, or had, in some way, become liable to pay it; but the referees decided that the facts proved in the case were sufficient, to entitle the plaintiff to maintain this action for the benefit of Henry Maxfield. The defendant objected to the receipt, as evidence in the case, on the ground that it was signed by several, whereas the declaration described a promise by the defendant alone; but the referees overruled the objection. The defendant also insisted that the county court had not jurisdiction of this case, as the whole sum of the judgment and expenses, which the plaintiff could, in any event, recover, was less than $100; this objection, also, was overruled; and the referees, who reported that they intended to decide, in all respects, according to the principles of law, found a sum due to the plaintiff of $88.14.

The defendant filed exceptions to the report, which were overruled in the county court, and judgment was rendered in favor of the plaintiff upon the report. Exceptions by defendant.

*Hunt & Nutting* for defendant.

Judgment should be rendered, upon the report, for the defendant to recover his costs.

1.   An authorized officer has all the authority of a regular officer, but incurs none of the liabilities. Rev. St. 171, §§ 22, 23.

2.   A receipt for property attached, if signed by two or more, is necessarily a joint contract, and cannot be sued severally, though it may express a joint and several promise.

3.   If several suits could be maintained on the receipt, yet, in the

Maxfield v Scott.

manner in which this declaration is drawn, the receipt should have been rejected for variance.

4. If, from the examination of the contract declared upon, with the *ad damnum*, it appears that the court have not jurisdiction of the cause of action, the cause should be dismissed on motion, and this at any stage of the proceedings.   Rev. St. 170.   Ib. 160, § 7. *Thompson* v. *Colony*, 6 Vt. 93.

5. It will be seen, from the declaration, that the execution, with the officer's fees thereon, in favor of Henry Maxfield against Jabez Woodworth, was the only measure of damages; and this with the interest thereon being less than $100, the suit was originally cognizable before a justice of the peace, and not before the county court.   *Thompson* v. *Colony*, 6 Vt. 93.   *Bates* v. *Downer*, 4 Vt. 178.   *Southwick et al.* v. *Merrill*, 3 Vt. 320.   *Ladd* v. *Hill*, 4 Vt. 164.   *Morrison* v. *Moore*, 4 Vt. 264.   *Putney* v. *Bellows*, 8 Vt. 272.   *Perkins* v. *Rich*, 12 Vt. 592.   *Kittredge* v. *Rollins*, 12 Vt. 541.

6. The court not having jurisdiction of the subject matter, no act of the party, such as going to trial upon the merits, referring the case, &c., can give them jurisdiction; and a motion to dismiss is never out of time.   *Thompson* v. *Colony*, 6 Vt. 93.   *Stoughton* v. *Mott*, 13 Vt. 175.   *Evans* v. *Balton*, 2 Dall. 368.   *Perkins* v. *Perkins*, 7 Conn. 558.   *Latham* v. *Edgerton*, 9 Cow. 227.   *Borden* v. *Fitch*, 15 Johns. 141.   *Mills* v. *Martin*, 19 Johns. 33.   *Bigelow* v. *Stearns*, Ib. 39.   *Reynolds* v. *Orvis*, 7 Cow. 269.   *Martin* v. *Commonwealth*, 1 Mass. 347.   *Lawrence* v. *Smith*, 5 Mass. 362.

*H. E. Hubbell* and *A. O. Aldis* for plaintiff.

1. The county court had original jurisdiction of the cause. Upon the face of the declaration the matter in demand was more than $100.   The defendant is sued, as upon his several receipt to re-deliver property valued at $151.00.   *Catlin* v. *Lowry*, 1 D. Ch. 396.   *Page* v. *Thrall*, 11 Vt. 230.

2. The agreement of the parties to refer the case gives jurisdiction to the court to accept the award of the referees.   On the *face of the record*, in the case, the court had jurisdiction of the *parties* and of the *subject matter*.   The court, by agreement of parties, and

Maxfield v. Scott.

a rule of court, "may refer any cause pending in such court." Rev. St. 162, § 21. The court can only tell if a cause be " pend-ing" by inspecting the record. In this case it was impossible for the court to anticipate what facts might be shown on trial, which might tend to sustain, or take away, its jurisdiction. *Fargo* v. *Remington*, 6 Vt. 131.

But, even if, on the record, the court had no apparent jurisdic-tion, the agreement to refer gives jurisdiction to the court, to accept the report of the referees. An agreement to refer is the voluntary act of the parties, and they thereby waive all questions as to the jurisdiction. *Forseth* v. *Shaw*, 10 Mass. 253. The plaintiff, after a rule to refer, cannot enter a nonsuit, or discontinuance, without the consent of the other party. *Haskell* v. *Whitney*, 12 Mass. 47. 4 Dall. 222.

The opinion of the court was delivered by

HEBARD, J. Several questions have been made. 1. It is ob-jected, that the plaintiff cannot maintain this action, for the reason that he was an authorized person. If the law recognizes him for the purpose of making *legal service*, and creating a *lien* by way of attachment of property, all this power would be lost, if he could not perfect the lien in the manner here attempted. The case of *Thayer* v. *Hutchinson et al.*, 13 Vt. 504, establishes the authority of the receiptor to pursue the property for the *benefit* of the *author-ized person*. If the receiptor, in such case, could pursue the prop-erty against a third person, the authorized person could have his ac-tion against the *receiptor*.

2. It is objected, that the suit should have been against all the signers of the receipt. This is fully disposed of by the receipt itself. The signers take upon themselves a joint and several obligation.

3. As to the variance,—the declaration is according to the legal effect of the receipt; and that is sufficient, when the action counts directly upon the paper. In this case the plaintiff does not recite the paper, but declares against the defendant, according to his lia-bility, and the paper is merely given in evidence.

4. The next objection to the judgment of the county court is, that the court had no original jurisdiction of the suit. The question of jurisdiction is not unfrequently a very perplexing question, and the

courts have, in a variety of cases, attempted to give some general rules in relation to the subject ; but it is, after all, found that each case must, in some measure, depend upon the particular circumstances of the case ; and there is a degree of discretion allowed to the county court, in determining the question.   But I believe it has always been held necessary, that the plaintiff should do so much, at least, as to state his case on paper, in such a manner, that, if all he alleges is true, it will appear that the court has jurisdiction.   If he does that, and the claim sound in damages, and by the proof it appears that he had reasonable grounds for believing that he should recover over $100, still, in ordinary cases, if the damages happen to fall below $100, the case will not, of course, be dismissed for want of jurisdiction.

To determine whether the court had jurisdiction in this case, it becomes necessary to see, in the first place, what the plaintiff sets up, as the basis of his claim.   It seems that the plaintiff was authorized to serve a writ, that he attached property upon the writ to the value of more than $100, and took the receipt of the defendant and others for the property, in which they jointly and severally promised to keep and deliver the property, " *or pay all cost and damage in case of failure ;*" and the amount of the note, upon which the property was attached, is specified in the *receipt*.   The plaintiff in that suit obtained judgment and took his execution and delivered it to an officer, and this property was demanded of the defendant, and was not delivered, and this suit is brought against him to recover the cost and damage occasioned by the defendant's failure to deliver the property, agreeably to the terms of the receipt.   This is the *basis* of the plaintiff's claim, as he has given it himself.   By looking farther into the writ, we shall see what he sets up as the measure of the damage upon his own basis.

By the declaration it appears that the judgment in that suit, damages and cost, amounted to $79.60, and, with the other incidents to it, in the whole, amounted to $84 ; and the plaintiff sums up and concludes his declaration by saying, that said judgment is wholly unsatisfied, that it is still in force, and the same is still due, with the fees and interest on the same, and that the defendant refuses to pay the same, though it has been demanded of him.   From this it is apparent, that his claim, as he has seen fit to present it, is as much

a matter of computation, as a note of hand. He only claims the amount of the judgment, officer's fees and interest. He sets up no claim to the value of the property, but, agreeably to the terms of the receipt, he goes for the damage and cost occasioned by a failure on the part of defendant to deliver the property to the officer, when demanded. This being all he was entitled to recover, and all that he could reasonably *suppose* that he was entitled to recover, and, above all, being all that he has declared for in his writ, it is very clear, that, when the action was entered in the county court, that court had no jurisdiction of it.

When the case thus stood in the county court, the defendant, as well as the plaintiff, having the whole of the plaintiff's claim set forth, by which they had an opportunity to know and judge of it, agreed to a reference; and the question now is, what effect that agreement to refer the case had upon the jurisdiction of the court.

In the first place, it would be *inequitable* and unjust for the defendant to *experiment* upon the merits of the plaintiff's claim, before a *tribunal* created by the parties, for the express purpose of taking a more equitable view of the case, than would be consonant with the rules and legal forms of proceeding before the court, and, when unsuccessful there, to throw himself back upon a defect, that was apparent in the outset, and which might have been taken advantage of, before the expense of litigating the merits of the case had been incurred.

In the second place, we think that the statute, providing for this mode of trial, intended to take the case out of the ordinary principles of *law*, which govern proceedings. It is regarded as a mere arbitration, for most purposes, and the court will not revise any of the doings of the referees, unless they say in their report that they intended to be governed by legal principles. The case, under the provision of the statute, is kept so far in the court, that *liens* may be preserved, and execution issue to carry into effect the judgment of the referees. When the cause is referred, it is before another *tribunal;* and it is not unusual that the parties refer matters, not embraced in the action in court. In England, and in some of the United States, this reference is called an *arbitration,*—the court still retaining all the power over it, that our court does over the reference. The effect, in short, of this reference, as of all others, is,

to *waive* all those questions of formality, and *technicality*, that otherwise might have been insisted on, and transfer the matters to a different tribunal, which only takes cognizance of the merits of the controversy. The question of jurisdiction is determined by statute; and the statute has determined this mode of *trial;* there is nothing, therefore, in this view of the case, inconsistent with the general doctrine,—*that this question never comes too late.*

3. In the next place, we regard this question as having been, in effect, passed upon, and as not being entirely an open question. In the case of *Eddy* v. *Sprague,* 10 Vt. 216, which was an action for the warranty of a horse, the referees did not find a warranty, but a deceit. The court sustained the report, although the issue tried by the referees was not the one joined in court, nor one growing out of the declaration. In the case of *Learned* v. *Bellows,* 8 Vt. 84, the same doctrine is held.

Judgment affirmed.