JAMES S. COOPER *versus* JEREMIAH CURTIS & *al.*

The Revised Statutes, chap. 1, sect. 1, provides that every statute shall take effect in thirty days from the recess of the Legislature passing the same, unless the provisions of any statute shall otherwise prescribe.

That section applies, and is in force, as to private as well as public statutes.

Where the charter of a bank is surrendered and accepted, but its power is continued in existence for a limited time, for the purpose of closing its affairs, it is legal that the directors should appoint a cashier under the general banking law.

If the directors were chosen and recognized by the proprietors of the bank as the only board, and they appointed the cashier, who acted under that appointment by their direction, it is not competent for the debtors of the bank to avoid their contracts, on the ground that the directors were not chosen strictly according to the provisions of the statute.

A trustee, created by a bank, may maintain a suit in his own name on a note payable to the bank and indorsed to him while the corporate capacity existed, though the action may not be commenced till afterward.

ASSUMPSIT on certain promissory notes and bills of exchange, formerly the property of the St. Croix bank. They purport to have been indorsed by the bank to the plaintiff, by one Cooper, their cashier. That the notes, and bills were justly due from the defendant was not denied. The objection to a recovery upon them in this action, was, that the said Cooper was not duly authorized to make the indorsements.

The bank, in 1842, had offered to surrender its charter. On the tenth day of March in that year, an act of the Legislature was passed, of which the first section was, that the surrender of the charter of the St. Croix bank is hereby accepted, and the same shall terminate when this act shall take effect. The second section provides, " that said bank shall continue in its corporate capacity, for and during the term of three years from the time this act shall take effect, for the sole purpose of collecting the debts due to the corporation, selling and conveying the property and estate thereof, and for choosing directors for the purposes aforesaid."

It was on the eighth day of March, 1845, that the directors passed a vote authorizing " the cashier to indorse, as cashier, in behalf of the bank, and thereby transfer and assign to the

plaintiff, as trustee for the stockholders, all paper belonging to the bank, which should be unpaid upon the 13th day of April, 1845." The notes and bills now in suit, were accordingly indorsed and assigned to the plaintiff by the cashier. The Legislative session for 1842, closed on the 18th March. The case was submitted for a legal decision.

*Granger* and *Dyer,* for the defendants, contended that the three years extension of the bank powers, had expired before the paper in suit was indorsed ; that the act, being a private act, took effect from the day of its passage, and not from the end of thirty days after the recess of the Legislature.

They also contended that by the act, there was no authority in the directors to appoint or to have a cashier.

They also referred to the records of the bank, and pointed out many of the company proceedings, in which they insisted there were irregularities, such as invalidated the choice of the directors, and contended that, therefore, their appointment of a cashier, if such officer could exist, was void.

They contended that an assignment, such as to a trustee, of the corporation debts, was unauthorized and illegal ; and that the bank, having ceased by lapse of time to have the power of bringing suits, could not confer such power upon another.

*Downes* and *Cooper,* for the plaintiff.

Tenney, J. — By the Revised Statutes, c. 1, § 1, "every statute shall take effect in thirty days after the recess of the Legislature passing it, unless the provision of any statute shall otherwise prescribe." The Legislature of 1842, did not have a recess before March 18, of that year. The act accepting the surrender of the charter of the St. Croix Bank, not having any such provision, did not take effect earlier than the 17th day of the month of April following. By the second section of that act, the bank was to continue in its corporate capacity for and during the term of three years from the time the act was to take effect, for the sole purpose of collecting the debts due the corporation, selling and conveying the property and

estate thereof, and for choosing directors for the purposes aforesaid ; and was to remain liable for all debts due from the same, and to be capable of prosecuting and defending suits at law.

For the purposes specified in the section referred to, the bank had as perfect existence for three years, after the surrender of its charter, as it had before. The mode of transacting the business authorized by the act was in no respect altered or qualified, in any provision in that statute ; and it cannot be understood, that any restriction was intended beyond that expressed. To carry out the objects contemplated, by the continuance of the corporate capacity of the bank, it was expressly provided, that it should choose directors. It was proper, that they should appoint a cashier under the general banking law, which was in force for that purpose, as well as for all others, not prohibited by the act accepting the surrender of the charter.

It is part of the ordinary business of banking corporations, to negotiate bills of exchange and promissory notes. Under the authority to sell and convey the property of the bank, it could transfer negotiable paper in the mode usually practiced. The indorsement made by the cashier, acting in his official capacity for the bank, is sufficient evidence, that he acted by its authority. *Folger* v. *Chase,* 18 Pick. 63 ; *Burnham* v. *Webster,* 19 Maine, 232; *Farrar* v. *Gilman & al. Ib.* 440. A trustee, created by a bank, may maintain a suit on a note negotiated while the corporate capacity existed, though the action may not be commenced till afterwards. *Stevens* v. *Hill,* 29 Maine, 133.

Whether the directors were chosen strictly according to the provisions of the statute, or whether they complied in all respects with the law defining and regulating their duties in the appointment of the cashier, are questions, which we are not legally called upon to answer. If they were chosen and recognized by the proprietors of the bank, as the only board of directors, and they appointed the cashier, who acted under that appointment by their direction, it is not competent for

debtors of the bank to avoid their contracts, upon this ground. *Little* v. *O'Brien*, 9 Mass. 423.

The defendants do not deny their original indebtedness to the bank, upon good consideration; and do not pretend, that they have been discharged of their obligations by payment or otherwise; but defend solely upon the objection to the capacity of the plaintiff to sustain the action. The transfer was made, when the power existed under the statute to make it, and in the prosecution of an object provided for in the act, by the express direction of the directors, and under the hand of the constituted organ for such a purpose. The plaintiff has the legal possession of the notes, and can give the defendants an effectual discharge upon the receipt of payment; this is all which they can ask for their protection.

*Defendants defaulted.*