## COLONY & a. v. DUBLIN AND MARLBOROUGH.

The act of July 13, 1855, providing that no highway should thereafter be laid out except on the unanimous report of the road commissioners, does not apply to the case of a petition which was pending when the act was passed.

PETITION for a new highway in Dublin and Marlborough. The petition was referred to the road commissioners, who, at

March term of the Common Pleas, 1855, made their report, laying out the road, and at that term the petition was recommitted. At the September term, 1855, a report was made, signed by two only of the three road commissioners. It appeared by the report that the commissioners met in June, 1855, and a majority of them being in favor of laying out the road, made their report accordingly. The towns objected to the acceptance of the report, for the reason that it was signed by two only of the commissioners.

*Wheeler & Faulkner*, for the petitioners.

*Vose*, for the towns.

PERLEY, C. J. The act of July 13, 1855, which took effect on its passage, provides as follows : " No highway shall hereafter be laid out upon the report of the commissioners, unless the report shall be concurred in and signed by all the commissioners, to whom the application for the highway shall be committed." Under the law as it existed prior to this statute, the report of the majority of the road commissioners, to whom a petition had been referred, would have been valid. Rev. Stat., ch. 1, sec. 16. And the question is, in this case, whether the late act changed the law in regard to this petition, which was pending when the act was passed, so as to require the concurrence and signature of all the commissioners.

The language of the statute, in literal and grammatical construction, is broad enough to reach this case. " No highway hereafter to be laid out," is the language used, and this highway was not then laid out. We are not inclined to deny that the Legislature have power to change the mode of proceeding on a pending petition for a highway by a general law, applicable to the subject, though the change might be such as in a particular instance would defeat the object of the petition. The laying out of highways is a matter of public concern ; and it would perhaps be difficult to show that an individual could acquire a vested interest in a public proceeding of this nature, unless a decree or

judgment had passed which gave him a right to damages, or costs, or something of that kind. Was it, then, the intention of the Legislature that the act should apply to pending cases?

In cases where it would be within the acknowledged scope of legislative power to change the law, so as to defeat a legal proceeding already commenced, it would in most instances be unjust to exercise the power. Though it might not be legally within the prohibition of the Constitution, which denies to the Legislature the authority to pass a retrospective act, it would be unfair to those who had engaged in the suit on the faith of the existing law, and would practically have a retrospective operation, though no vested right were defeated by it. And it is an established rule in the construction of statutes, that the Legislature will not be presumed to have intended that a statute should have a retrospective action, unless that intention is very clearly expressed. *Gilmore* v. *Shooter*, 2 Modern 310; *Gilmore* v. *Shuter*, 2 Levins 227, S. C. ; *Couch* v. *Jeffries*, 4 Burrow 2460; *Dash* v. *Van Cleek*, 4 Johns. 495 ; *Torrey* v. *Corlis*, 33 Me. 333.

The first chapter of the Revised Statutes provides certain rules of construction, evidently intended to be of general application in subsequent legislation, and apparently designed to prevent the necessity of inserting the rule in each separate act to which it might be applicable. It is plain that these statutory rules of construction can have no binding force on subsequent legislation. Like other general laws, they are, of course, liable to be repealed. But while they stand unrepealed, it may well be presumed that they are intended to be recognized in subsequent legislation. Until they are repudiated by a direct or implied repeal, they must, we think, be held to control the construction of later acts to which they are applicable. It has been held that general statutes fixing the time at which future acts shall take effect, are operative, unless controlled by a subsequent law. *Cooper* v. *Curtis*, 30 Maine 488. And the general limitation of penal actions applies to actions for the recovery of penalties created after the passage of the limitation act. Espinasse on Penal Statutes 79.

The Revised Statutes, chapter 1, section 26, provide that

" the repeal of any act shall in no case affect any act done, or any right accrued, accruing or established, or any suit or proceeding had or commenced in any civil case, before the time when said repeal shall take effect." The 13th section of the same chapter enacts that " all words purporting to give a joint authority to three or more public officers, shall be construed as giving such authority to a majority of them, unless otherwise expressly declared." The law of July, 1855, repeals this last provision, so far as it relates to the authority of road commissioners, and is within the rule laid down in the 26th section, which provides that the repeal shall not affect a pending proceeding in a civil suit ; and we think the general rule of construction established in the Revised Statutes must be applied to the act of 1855, and that the report ought to be accepted.