ROBINSON *v.* POTTER.

Where a defendant undertakes to exercise the right to remove his cause from the State court to the United States circuit court by virtue of the 12th section of the judiciary act of September, 1789, he must, at the time of entering his appearance in the action, which is presumed to be at the first term after legal notice, simultaneously file his petition for the removal of the cause, and also offer good and sufficient security for entering the cause in the circuit court, of the sufficiency of which security the court must judge.

Where, after an action is commenced, the parties meet and agree to refer it and all demands to arbitrators, and it is also agreed that the action shall remain on the docket until the final determination of the arbitrators, and the final settlement of their award, and the action is afterward marked referred, and continued on the docket of the court, it will be presumed that the defendant has constructively appeared, whether he actually appears or not, and submits himself to the jurisdiction of the court, and he can not afterward, against the plaintiff's objection, ask for the transfer of the action to the circuit court.

ASSUMPSIT, to recover $4000 upon the common counts, and $1559.50 according to an account annexed to the writ. The plaintiff was a citizen of New-Hampshire, and the defendant of Massachusetts, and they are so described in the writ.

It was admitted that the matter in dispute, involved in the action between the parties, exceeds the sum of five hundred dollars, exclusive of costs.

The action was entered at the August term of this court, 1859, and no service of the writ having been made upon the defendant, it was continued for notice, and the order of notice was duly complied with by personal notice to the defendant in September, 1859. Before the next session of the court, the parties entered into an agreement in writing concerning the submission to referees of all controversies and disputes existing between them at the date of such agreement, except such as were in and by said written agreement expressly excepted; and in and by said writing it was expressed that "the action heretofore commenced by said Robinson against said Potter, and now pending in the Supreme Judicial Court for Merrimack county, N. H., shall remain on the docket of said court until the final determination of said arbitrators and the final settlement of their award, without any action therein by either party, it being distinctly understood that the matters and causes of action involved in said suit are covered by this submission, and if finally determined by said arbitrators, as herein provided, said action is thereupon to be dismissed."

Subsequently, a hearing before the arbitrators was had, but the referees being unable to agree, no award was ever made. At the February term of this court, 1860, the action, with the knowledge of the defendant and in pursuance of said submission, was marked upon the docket, "referred." The action was continued to the August term, 1860, and during the session of this term, August 31, the defendant never having entered any appearance in the action either *pro se* or by attorney, George, Foster & Sanborn, attorneys of the court, by consent of the plaintiff's attorneys, entered their appearance for the defendant, and at the same time, by agreement of counsel, "leave to amend" was granted to the plaintiff, but with-

out application to or order of court. Subsequently, but on the same day, the defendant's counsel filed in court the petition in writing of the defendant, praying that the action might be removed for trial to the next circuit court for the United States, to be held in the district of New-Hampshire, and in and by said written petition, but in no other way or form, tendered and offered good and sufficient security for his entering in such circuit court of the United States, on the first day of its session, copies of the process against him, and for his there appearing and entering special bail in the cause, if such should be required, and to conform in all other respects to the statute in this behalf made, namely, a law of the United States passed September 12, 1789, sec. 12.

Subsequently, during the term, a hearing was had on said petition, when the plaintiff's counsel objected to the allowance of the prayer thereof, among other grounds, because there had been no sufficient tender of the security required by the law in such cases; and thereupon the defendant's attorneys then and there verbally offered to the court to furnish such sureties or security as the court should order in the premises, sufficient sureties being then and there present in court; but the court refused to transfer said action to the circuit court of the United States, and upon motion of the plaintiff's attorney, the defendant's said attorneys objecting, appointed an auditor in the case, and continued the same to the next February term of this court; to which ruling and orders of the court the defendant, by his counsel, excepted.

*Minot & Mugridge,* for the plaintiff.

*George, Foster & Sanborn,* for the defendant.

NESMITH, J. The 12th section of the judiciary act establishing the Supreme and Circuit Courts of the United States, passed September 24, 1789, provides in certain cases for the right of removing a suit instituted in a State court to the circuit court of the district. It is enacted by that law, "that if a suit be commenced in any State court against an alien, or by a citizen of the State in which the suit is brought against the citizen of another State, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, and the defendant shall, at the time of entering his appearance in such State court, file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending, and offer good and sufficient security for his entering in such court, on the first day of its session, copies of the said process against him, and also for his then appearing and entering special bail in the cause, if special bail were originally required therein, it shall then be the duty of the State court to accept the security, and proceed no farther in the cause; and any bail that may have been originally taken shall be discharged." It is further provided that any attachment of property of the defendant by the original process shall hold the goods or estate, so attached, to answer the final judg-

ment in the case, as they would have been held if said cause had not been transferred from the State court.

This section of the judiciary act gives appellate power to the circuit courts of the United States, where the defendant conforms to the letter and spirit of the law. In defining their own jurisdiction, the Supreme Court say, in *Houston* v. *Moore*, 5 Wheat. 546, that in every case where the State tribunals should not be expressly excluded by the acts of the national legislature, they of course would retain their jurisdiction. And it is conceded that State courts have full concurrent and final jurisdiction, except in special instances when Congress may have given appellate power to the United States courts. *Jackson* v. *Stiles*, 4 Johns. 495.

In the case before us, it is agreed that the plaintiff is a citizen of this State, and that the defendant was a citizen of Massachusetts at the time of the commencement of this suit, and that the claim in suit exceeded in amount $500; that due service was made upon the defendant after the entry of his action in September, 1859, and that this court had thereby obtained jurisdiction both of the person of the defendant and of the subject matter of the suit at that time; that subsequently the parties mutually entered into an agreement, by virtue of which this action and all other matters in controversy then existing between the parties, were referred to arbitrators, who heard the parties, but failed to agree upon an award; and that, pursuant to that agreement, this action was to remain on the docket until the final report of said arbitrators, and the final settlement of their award; and if finally determined by said arbitrators, as herein provided, said action thereupon to be dismissed. The case also finds that this action was originally entered at the August term of this court, 1859, served in September as aforesaid. At the subsequent February term, it was continued with the knowledge of the defendant, under the aforesaid agreement, and marked "referred." At the subsequent August term, 1860, the defendant appeared by his attorneys, by consent of the plaintiff, and after giving him, the plaintiff, leave to amend his writ, filed his petition in writing that this action be transferred to the circuit court then next to be held in this circuit.

The first question, upon the facts stated, arises, whether or not the defendant did not so act in our State court, under the practical or constructive interpretation of our rules of court prior to the 31st of August, 1860, as now to preclude him from the benefits of this application; or has the defendant by his conduct waived a personal privilege which he might have properly exercised at an earlier stage of this case? Was there not practically an appearance February term, 1860, by the defendant, when the entry was made pursuant to a former agreement, and a continuance entered, and was not the defendant for his own advantage, under his agreement, defending his action, and actually expecting and realizing all the same advantages from the procedure as adopted, that he could have derived had he appeared in open court, and procured the ordinary entry by the clerk of an appearance for himself or by his attorney? It would seem, that at this stage of their proceedings, the parties were, in

good faith, endeavoring to adjust their difficulties; and because, under the operation of an agreement, apparently mutually beneficial to both, the court had not exacted all such duties or formalities at the said February term of the court as their rules of practice might have required, or the plaintiff had waived the advantages, that he might have legally insisted upon on a fair construction of the rules of court, it would not, therefore, become the defendant, at a later period, to undertake to seek advantage from the plaintiff's lenity or forbearance. The plaintiff had excused the defendant from employing counsel. In the absence of the aforesaid agreement, there being no appearance in fact for the defendant, the plaintiff might have insisted on his judgment as on a default at the said February term. But, under the power of said agreement, the defendant was rightly considered in court defending his action. Again, the agreement provided for something beyond the submission of the action and all other demands in dispute between the parties. The action was to remain in court until the final settlement of the expected award. Here was a recognition by the defendant that the action was to stand on the docket of this court as security, in point of time up to the final settlement of the award. The inability of the arbitrators to agree to an award in the case, may be properly considered as a misfortune equally to both parties, and should not be turned to the advantage of either. By an equitable construction of the rules of court, we think the parties may be required to do the same justice to each other, as though the arbitrators had agreed to their award. Under this agreement, if an award had been made, unsatisfactory to either party, the court would not have permitted it to be avoided, unless legal objections rested against it. Certainly not, for the reason that the defendant was not in court.

Although a party can not by consent give a court jurisdiction when it had none by law, yet when the court has jurisdiction of the subject matter and the person, and the defendant has some privilege which exempts him from the jurisdiction, he may waive it if he chooses so to do. *Bostwick* v. *Perkins*, 4 Geo. 47; *Overstreet* v. *Brown*, 4 McCord 82. Hence, if the defendant had deemed it a privilege to have transferred this case to a higher court at an early term, by his negligence in not using his power, he may be presumed as having waived his privilege, more especially as the agreement of the parties exhibits evidence satisfactory on the face of it, that the action should remain in court here, as security for the party who should ultimately prevail in the award. Consent, therefore, takes away error. Motions to dismiss, and objections to the jurisdiction of the court, should be made at the first term, or objections available in that form will be taken to have been waived. *Hanson* v. *Hoit*, 14 N. H. 56; *Elkins* v. *Sawyer*, 3 Hayw. 44. "An agreement to a continuance is an appearance by the defendant, making him a party to the record, and is a waiver of any defect in the service of the original process." *Rogers* v. *Conway*, 4 Pike 70. Moving a continuance or a change of venue amounts to a general appearance, and operates as a waiver of a defect in the service of process." *Shaffey* v. *Tremble*, 2 Green (Iowa) 464. There may be a restricted appear-

ance by the party or attorney, for the purpose of objecting to the
jurisdiction of the court. *Boynton* v. *Hayward*, 37 N. H. 9. If the
court have not original jurisdiction of an action commenced in
it, yet if the parties mutually agree to a reference of the action
under a rule of court, and it is referred, the objection on account
of jurisdiction is thereby waived. 17 Vt. 634. It is the agreement
of the parties that consents to the jurisdiction of the court. It is
not material that the award should be returned into court. It is
enough that the parties expected aid and advantage to accrue from
it through the court. The action was to stand at all events as event-
ual security for the award, and thus it appears to us that this was
such an agreement as could have been reasonably enforced by the
court. *Gilmanton* v. *Alton*, 2 N. H. 520. In cases of concurrent
jurisdiction, the court having first possession, its power being ade-
quate to the administration of complete justice, should retain its
jurisdiction, and confine the litigation to that forum. Efforts by
either party to divert the litigation to another court, should be re-
strained, and for that purpose an injunction is the usual and proper
remedy. It is especially the duty of the court not to permit a case
to pass from it to another court, after an adverse decision has been
had in the court of the first resort. *Conover* v. *Mayor*, 25 Barb. 513;
*Bank* v. *Railroad*, 28 Vt. 470 ; *Morrill* v. *Locke*, 16 Ohio 373 ; *Wines*
v. *Abbott*, 2 Md. Ch. 42. Where two courts have concurrent juris-
diction, the one which first has possession of the subject must
adjudicate, and neither of the parties can be forced into another
court. *Mallet* v. *Dexter*, 1 Curt. C. C. 178. If the defendant has
legally and properly assented to the jurisdiction of the State court,
the statute of the United States does not come to his assistance, and
he can not demand the transfer of the suit.

The true rule, which in our view should govern this part of the
case, is laid down in *Warren* v. *Glynn*, 37 N. H. 343, " That where
a power to act exists, and the only objection to its exercise is one
intended for the benefit and designed for the protection of the party
complaining, such objection must be taken at the earliest practicable
opportunity, after the party or his counsel become aware of the facts
on which its validity depends, or it will be held to have been waived
by the omission or neglect to urge it seasonably. The reason of the
rule would seem to be, that it is justly to be regarded as the folly or
misfortune of a party, if, knowing of a valid objection to a proceed-
ing, he neglects to avail himself of it, but stands by and participates
therein, unless he intends, as is the natural presumption from his
silence, to waive altogether any objection on that account. Thus a
party who has not been duly summoned or notified of a suit against
him, is always and every where understood to waive his exception,
if he appear and suffer a general continuance, or pleads in bar of
the action, or in any way submits his case to the judgment of the
court, without at once making his objection at the earliest oppor-
tunity." *Smith* v. *Whelan*, 9 N. H. 464; *State* v. *Richmond*, 26 N. H.
242. Moreover the plaintiff says here the defendant has failed to
bring himself under the privileges of the statute by his failure to
offer seasonably the requisite security, under the 12th section of

the act aforesaid.  These are cases *stricti juris*, and it devolves on the party seeking the remedy, clearly to show his title thereto. Where evidence is offered to show a want of jurisdiction, it must be such as clearly establishes that fact, or it will not be error to exclude it.  *Buell* v. *Lockport*, 4 Seld. 55.

We give the substance of the decision of Judge Spencer of New-York, given in *Redmond* v. *Russell*, 12 Johns. 153.  The action was assumpsit, to recover a bill of exchange for $500, brought in the State Supreme Court.  The declaration was filed August 23, 1814, special bail put in September 3.  On the 6th of September, the defendant's attorney gave notice to the plaintiff's attorney that he should petition this court to have the cause removed into the circuit court of the United States, and served him with a copy of the petition.  The petition was not filed in the office of the clerk of the court.  At the last term of the court, the motion was made for the removal of the cause, the petition being presented to the court. The motion was opposed on the ground that the petition was not filed in the clerk's office at the time of putting in special bail, and that it was too late afterward to file his petition at the next term. Judge Spencer says, "This is not a case in which the comity of the court is to be exercised; if the defendant is not strictly entitled to have his cause removed, we are bound to maintain our jurisdiction. The plaintiff has as strong a claim to have his case retained here, as the defendant can have to remove it.  The whole question turns on this point, When did the defendant enter his appearance?  The manner of a defendant's appearing in the courts of the several States is undoubtedly variant; but whenever that act is done which, according to the practice and rules of the State courts respectively, amounts to entering an appearance in the court where the suit is brought, then, and at the time of entering such appearance, the petition for the removal of the cause must be filed; the entering an appearance and filing the petition are to be simultaneous acts, and this was intended, not only to put the defendant to a prompt election of his tribunal, but to give the opposite party early notice of his intention.  Believing thus, there can be no doubt, according to the practice of this court, that filing the special bail in this cause, on the 3d of September, was entering the defendant's appearance. I am bound to say, he has lost his right to a removal of the cause by neglecting then to file his petition according to the act of Congress."  Yates and Platt, Justices, concurred.

But Chief Justice Thompson, in giving his opinion, dissenting from a majority of his brethren in the results of the case, lays down the principle which, we think, satisfactorily settles the present application.  He says the appearance must be accompanied by other acts. He is to file a petition, and also offer good and sufficient security for entering his cause in the circuit court, and there appearing and entering special bail, if special bail were originally requisite therein, of the sufficiency of which security the court must judge.  These, says the Judge, are all considered by the statute as simultaneous acts, and of course to be done in open court.  The mere act of filing a petition in the clerk's office could avail nothing.  It would not

stop the proceedings in the State court, nor would the plaintiff be bound to take notice of it.

We are aware of the decision in 1 *Martin & Yerger*, 266, adverse to the doctrine of Judge Thompson. But it appears to us Judge Thompson's reasoning coincides with the meaning of the statute itself, and that the security offered should be simultaneous with the filing of the petition, and that it devolves upon the court to decide upon the sufficiency of the sureties. We have another authority in support of the same position in *Kirkpatrick* v. *Hopkins*, 2 Miles 277. "To remove a cause from a State court to the United States court, under the act of Congress of 1789, the defendant must offer the security at the time of filing his petition for the transfer. It is not enough, at a subsequent hearing of the cause, to make a verbal declaration that the defendant has the security ready." The rule laid down in *Ogden* v. *Baker*, 1 Greenl. 75, seems to be a sensible one on this point. "A petition praying for the removal of an action from a State court to the circuit court of the United States, must be supported by affidavit or other verification of the facts stated therein."

From the aforesaid reasons and authorities, we think ourselves justified in refusing the present motion.