By the Court,

Nelson, C. J.
All the questions raised by the defendants were disposed of on the argument except that in respect to the conclusive effect of the recovery in favor of Bogert.
The section of the Revised Statutes relied upon by the counsel for the defendants, is as follows: “ Every judgment in the action of ejectment rendered upon a verdict, shall be conclusive as to the title established in such action upon the party against whom the same is rendered, and against all persons claiming from, through or under such party, by title accruing after the commencement of such action,” 2 R. S. 235, § 36. The next section provides that the court in which such judgment is rendered shall, within three years thereafter, upon the application of the party against whom the judgment is rendered, his heirs or assigns, and upon payment of all costs and damages recovered thereby, vacate the judgment and grant a new trial.
*It is plain the act applies only to the party or parties to the [ *434 ] record, and privies. The mere retainer of an attorney, or other acts by the party in interest, to defend the suit, does not bring the case within the act; nor should the application of the provision turn upon any such extraneous matters. The record of the suit should be the test, and must be as it respects the person against whom the verdict is rendered. This too, is consistent with the statute, 2 R. S. 264, § 17, allowing the land *332 lord to come in and defend. On application to the court he may he made defendant with or without the tenant.
Independently of the statute, even if Ryerss had been made a defendant with the tenant, the verdict could not be conclusive upon him, as the question between his and Bogert’s title was not necessarily involved in the suit against the tenants. Bogert may have had their interest, or they may have been estopped from disputing his title; and in point of fact no question was made at the trial upon it. 8 Wendell, 35 ; 10 Id. 85.
New trial denied.