## SAMPSON *et al. v.* OHLEYER.

WHERE, pending an action of ejectment against a tenant, the latter transferred the possession to his landlord who had actual notice of and defended the suit, but was not made a party, and plaintiff recovered judgment : *held,* that under the writ of restitution authorized by the judgment, the landlord might be dispossessed.

In ejectment against the occupant of the premises, a judgment of recovery binds not only the defendant but all persons who receive possession of the premises from him with actual notice of the pending suit.

Persons not parties to a suit in ejectment and in possession before and at the time it is brought, or those claiming under them, cannot be ousted by the writ of restitution issued upon a judgment therein in favor of the plaintiff.

A person in possession of land where a writ of restitution is served, is presumed to hold under the defendant in the action, and to avoid being dispossessed by the writ, must show affirmatively that he holds by a right independent and paramount.

If a judgment is recovered against a party by the fault of an attorney employed by him therein, the party has his remedy against the attorney, but the judgment cannot be disturbed on that account, unless fraud, or collusion, or insolvency of the attorney is shown.

In the absence of any statutory regulation a purchase made of property actually in litigation, *pendente lite,* for a valuable consideration, and without any express or implied notice, in point of fact affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment.

The effect of our statute (Practice Act, Sec. 27), providing for the filing of a *lis pendens,* is to abrogate the rule making the mere pendency of an action *constructive* notice. It does not change the rules of law relating to *actual* notice of a pending action, and the effect of such actual notice upon parties dealing with or taking possession of property in litigation.

Where after the commencement of an action of ejectment against a tenant he gave notice thereof to his landlord, and requested him to defend, and the latter employed an attorney to conduct the suit: *held,* that the actual notice given

Sampson *v.* Ohleyer.

to the landlord was, as to him, equivalent to the filing of a *lis pendens*, and in an equal degree made the subsequent judgment obligatory upon him.

APPEAL from the Tenth Judicial District.

The facts are stated in the opinion.

*George Rowe*, for Appellants.

A defendant in ejectment cannot, in general, transfer his possession so as to defeat the execution in the ejectment suit. (*Hills v. Tuttle*, 9 Cow. 233; Tillanghast Adams, 339 note.) Therefore, as Ohleyer was in possession of the land in dispute when the action was commenced, and transferred it, or allowed Green to retake possession, *pendente lite*, Green was in no better situation than Ohleyer, and is bound by the judgment.

A purchaser of lands, *lis pendens,* is subject to eviction by *habere facias* without being made a party. (*Long v. Morton et al.*, 2 A. K. Marshall, 40.)

And if a purchaser is liable to be evicted, how much more a landlord who employs counsel to defend his tenant, and then retakes the possession which he had given to his tenant, having had full knowledge of all the circumstances. An ejectment is brought by H against B, pending which C and D take possession of the land in dispute. A recovered a verdict and judgment: *held*, that the Sheriff, by virtue of the writ of possession, must dispossess C and D, and deliver the possession to A. (*Hickman's Lessee v. Dale*, 7 Yerg. 149.)

A party who has defended his claim in a former trial (in a case where he had agreed to indemnify another), in the name of that other, and who had a full opportunity to be heard in such former trial, will not be allowed to litigate the same subject matter in another proceeding commenced by himself. And as the claim of Green to the land in dispute has already been decided in the case of *Sampson et al.* v. *Ohleyer*, the judgment in that case ought not to be set aside to allow Green to come in to defend when he has already been in Court, and has been heard in the case. (*Dutil v. Pacheco*, 21 Cal. 438.) If Green wishes to litigate his right to the land, he can commence a new suit of ejectment against the

14

party in possession.   He ought not to be heard twice in the same suit.

It has not been positively decided in this State, that actual notice of the pendency of an action is equal to *lis pendens* filed. (*Richardson* v. *White*, 18 Cal. 102.)   But on principle, there can be no doubt of it, for the only object of a *lis pendens* is to give notice to parties interested, which it does not always do, while actual notice produces all the results that the *lis pendens* does in those fortunate cases where the *lis pendens* brings the actual notice home to the party.

On principle, then, and on the authority of the practice in chancery, I say that Green was bound by the judgment against Ohleyer.

The suit in the case of *Sampson* v. *Ohleyer*, is a suit in which Green could have intervened.   (See Prac. Act, 537, Sec. 71; also the doctrine in relation to the time when intervention may be made, cited in note 12, pp. 538, 539 Id.; *Hocker* v. *Kelly*, 14 Cal. 164; also opinion of this Court in the case of *Green* v. *Covillaud*, 10 Id. 324.)

*G. E. DeLong*, for Respondent.

Respondent, I. Green, is in no manner bound by the judgment rendered in the case of *Sampson* v. *Ohleyer*, for these reasons: 1st, he was not joined as a party to the action, and the record shows that he was a stranger thereto; 2d, for the reason that he was not given even constructive notice of the pendency of that action—they, Sampson and others, when they commenced that suit having filed no *lis pendens;* 3d, that no claim of Green's to said land or his right of possession thereto was pleaded therein, or therein tried or determined.   Consequently, that he was wrongfully and unlawfully dispossessed therefrom under said writ, which even by its own terms ran or was directed only against Ohleyer or those holding under or through him.

This Court, in the case of *Peabody* v. *Phelps* (9 Cal. 213), laid down the following doctrine, viz.: "A party is not bound by a judgment rendered in an action of ejectment when he has not received legal notice of the action.   Such judgment is not evidence against him of paramount title in the plaintiff in ejectment.   Mere cogni-

Sampson v. Ohleyer.

zance of the existence of the action is not legal notice. To be available the notice must apprise the party whose rights are to be affected of what is required of him, and the consequences which are to follow if he neglects to defend the action."

In the case of *Gilbert* v. *The Columbia Turnpike Co.* (3 Johns. Cases, 107) the Court say : " A notice in legal proceedings means a written notice." (See also *Ainslee* v. *The Mayor of New York*, 1 Barb. 168 ; *Jackson* v. *Stiles*, 1 Caine, 504 ; *Ex parte P. Reynolds*, Id. 499 ; 4 Hill, 467.)

Our State Constitution (Art. 8) provides " that no person shall be deprived of life, liberty, or property, without due process of law." This doubtless means process against the person. No process of any nature in this case issued against Green, yet he is deprived of his property.

In the case of *Rogers et al.* v. *Rippey* (25 Wend. 431) the Court say : " that a judgment in ejectment against tenants is not conclusive upon the landlord, although the latter retained an attorney to defend the suit brought against the tenant, especially as on the trial as between the plaintiff in the suit and the landlord the title of the latter did not come in question."

In the case of *Jackson* v. *Stiles* (above cited) the Court in its opinion says : " As therefore there was a full knowledge in October last of an intention to make this application, and the transactions are all of a recent date, we are of the opinion that a default entered against the casual ejector, the judgment thereon, and the writ of possession, be set aside and a writ of restitution issue on payment of costs." (See also *Jackson ex dem. Mentz & Mentz* v. *Stiles*, 4 Johns. 489 ; 6 B. Mon. 62 ; *Doe ex dem. The Grocers' Co.* v. *Roe*, 5 Taunton, 205 ; *Camden et al.* v. *Haskell*, 3 Rand. 465 ; see also *Jackson ex dem. Edm. et al.* v. *Rathburn*, 3 Cow. 291 ; *Jackson ex dem. Southerland et al.* v. *Stiles*, 5 Id. 418.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

The plaintiffs commenced this action on the third day of January, 1861, to recover possession of a tract of land held by the defendant as a tenant of Isaac Green. When the process in the action

was served on Ohleyer, he notified Green of the fact of his being sued, and asked him what was to be done, as he was not going to defend the suit at his own expense. Green replied that he would stand behind him in the action and would pay all damages, and would save him harmless from all costs and expenses. The defendant took no further steps and never employed any counsel in the case, but Green employed an attorney who put in an answer for him. The defendant delivered up the possession of the property to Green about the first day of February, 1862, while the suit was pending, and before the judgment was rendered. The attorney testifies that he was employed by Green to defend the action. On the fourteenth day of May, 1862, a judgment was rendered in favor of the plaintiffs, by consent of both parties through their attorneys, for the " restitution of the said premises, as well against the said George Ohleyer, the defendant, as against all other persons who may be in occupation of the whole or any part of the said premises under or through the defendant, George Ohleyer," and a writ of restitution was ordered to issue to that effect. The writ was issued upon the judgment, and the return shows that the Sheriff by virtue thereof placed the plaintiffs in full possession of the premises. Green then filed his petition alleging that he had the right of possession ; that the Sheriff had turned him out and put the plaintiffs in without any right; that he had no legal notice of the action against Ohleyer and was not made a party thereto, and praying that the action might be opened and the judgment so modified as not to affect his rights ; that he be made a party to the action and allowed to defend, and that a writ be issued to restore him to the immediate possession. The plaintiffs answered the petition by setting up that the rights of Green had been fully adjudicated in the case of *Green* v. *Covillaud et al.*, which was formerly before this Court, and is reported in 10 Cal. 317. They also set up the fact that Green had actual notice of the suit, and employed the counsel who consented to the judgment. The matters set up in the petition were afterwards tried by the Court, who found that Green did not receive any legal notice of the action against Ohleyer at any time during the pendency of said action, and therefore his claim of ownership and possession was not determined therein ;

that his eviction by the Sheriff was unauthorized; and it was ordered that the judgment be vacated, that Green be made a party to said action, that the writ of restitution be quashed, and that a writ issue to remove all persons found in possession of the premises, and restore the same to Green. The plaintiffs appeal from this order, which was made June 3d, 1862.

The main point made by the appellant is, that Green had actual notice of the pendency of the suit against his tenant; that he obtained possession from his tenant during the pendency of the action and after full notice; that he, in fact, defended the action in the name of his tenant, employed an attorney to defend, gave him instructions how to do so; that he consented, by and through his attorney, to the judgment; that he was, in fact, the real defendant —the real party in interest—and is therefore bound by the judgment, as much so as though he had been made a party to the suit and named in the judgment.

Under the system of practice before the adoption of the code, when an action was brought for the possession of land, against a person in possession as the tenant of another, the landlord was always admitted to defend. (*Stiles* v. *Jackson*, 1 Wend. 316; *Jackson* v. *Stiles*, 6 Cow. 594; *Den* v. *Fen*, 6 Halsted, 185; *Buford* v. *Gaines*, 6 J. J. Marshall, 34; *Jackson* v. *Stiles*, 4 Johns. 493.)

Sec. 13 of the Practice Act provides that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." Under this liberal provision, there is no doubt that the plaintiff could join as defendants both landlord and tenant, when they both claim adverse to him. And so, under Sec. 17 of the Practice Act, the Court, in a suit of that kind against a tenant, could direct that the landlord be made a party, in order to make a complete determination of the controversy. But if the landlord is not brought in as a party either by the plaintiff or the Court, he may make himself a party by complying with the law relating to interventions. In this case the landlord was not made a party to the record before judgment, either by the plaintiff or the Court, or upon his own

application, and the question is, What is the effect of the judgment when he is not thus made a formal party to the record? "A judgment in ejectment authorizes the plaintiff to take possession of the premises, whoever may be in possession of them. The defendant in an ejectment suit cannot defeat the action by transferring the possession to another, either with or without consideration. Whoever succeeds to his possession succeeds also to the perils of the suit." (*Jackson* v. *Tuttle*, 9 Cow. 233.)

So a purchaser of the property from the landlord of tenants, against whom an action of ejectment is pending, is bound by the judgment for or against them. (*Jones* v. *Chiles*, 2 Dana, 25.)

It is a well established rule, that as to all persons who enter into the possession of premises under tenants on whom a notice had been served, in an action of ejectment for the same premises, no notice need be served on them, but they will be subject to be turned out of possession under the judgment. (*Smith's Lessee* v. *Trabue's Heirs*, 1 McLean, 87.)

A defendant cannot, by a transfer of his possession, *pendente lite*, defeat the action; the plaintiff may, notwithstanding, proceed to judgment and eject the assignee. If the law were otherwise, it would be in the power of the defendant to put the plaintiff to his new action as often as he thought proper to assign. (*Howard* v. *Kennedy*, 4 Ala. 592.)

Persons not parties to a suit, and in possession before it was brought, or those claiming under them, could not be ousted of their possession, because their distinct title had not been tried; but not so of tenants coming in under the landlord pending the suit. They are bound by the judgment on his title. (*Hickman* v. *Dale*, 7 Yerg. 149.)

In *Long* v. *Morton* (2 A. K. Marshall, 39) it was held, that persons in possession of land when a writ of *habere facias possessionam* is served, have a right to show that their possession is not under the defendant in the suit, but in virtue of a paramount title, and they would then be entitled to the interposition of the Court in their favor. But if they do not show how they claim, in the absence of all proof of the fact, it cannot be presumed that they held under a paramount title; and if they held under a defendant in the suit,

whether as lessees or as purchasers, as it appears they obtained the possession pending the suit, the decree is unquestionably obligatory upon them, as well as the defendant, and there is no principle or practice which would require a *scire facias* to be served on them before they could be turned out of possession.

"When a recovery is had against the occupant, the judgment binds not only him but all persons under whom he occupies, together with all persons in privity of estate or possession with himself. When a recovery is had against a tenant, the landlord is bound by it. So a recovery against a tenant in common who holds for himself and under the other tenants in common, is binding upon all his co-tenants, as well as himself. There is, therefore, no necessity for making any other than the occupant a defendant, to bind all persons in privity by a recovery." (*Hanson* v. *Armstrong,* 22 Ill. 442.)

Ejectment was brought against a tenant, and the landlord was admitted to defend. He died pending the suit, and there was no revivor against his heirs, but the action proceeded and judgment was rendered against the tenant, and under it the widow and children of the landlord were dispossessed. It appeared that the landlord took possession after the commencement of the suit. The widow petitioned to be reinstated in possession, but the Court denied her application, holding that if the widow and heirs were not bound by the judgment as parties, yet they were subject to the operation of the writ of possession, because they came upon the land after the action was brought. All who enter upon the land pending the action of ejectment are subject to be removed by the final process. If this were not so there would be no advantage in a recovery or end to litigation. (*Wallin* v. *Huff,* 3 Sneed, 82.)

So one coming in as under-lessee to the defendant in an action of ejectment, during the pendency of the action, was held bound by the proceedings therein. (*Bradley* v. *McDaniel,* 3 Jones, 128.)

Similar decisions were rendered in *Jackson* v. *Stone* (13 Johns. 447); *Jackson* v. *Hills* (8 Cow. 290); 5 Taunton, 183; *Jackson* v. *Rightmyre* (16 Johns. 314).

The same principles have been heretofore substantially held by this Court in *Fremont* v. *Crippen* (10 Cal. 211), and in *Fogarty*

v. *Sparks* (22 Id. 142), and are fully recognized by Sec. 263 of the Practice Act.

The counsel for the respondent has referred us to several cases on this subject which we will now proceed to notice. The case of *Peabody* v. *Phelps* (9 Cal. 213), was an action to recover damages for a fraudulent representation as to title made by the defendant, to the effect that he was the owner of the property and had purchased it of Larkin. Larkin afterwards sued the plaintiff for the possession of the land and recovered judgment therefor, and this judgment was offered as evidence against the defendant of paramount title in Larkin. The Court very properly held, that it was no evidence of that fact against the defendant, because he had no legal notice of the action; that mere cognizance of the existence of the action is not notice in the legal sense ; that, to be available, the notice must apprise the party whose rights are to be affected of what is required of him, and the consequences which may follow if he neglect to defend the action. This is all correct when applied to that case. If a party to a suit has a right to resort to another upon his failure in the action, whether upon covenants of warranty, as in the case of *Peabody* v. *Phelps*, or on the ground that he is indemnified by such third party, as in the case of *Dutil* v. *Pacheco* (21 Cal. 441), then it is clearly his duty to give full notice to his covenantor or party who has agreed to indemnify him, of the pendency of the suit, what it is he requires him to do in the suit, and the consequences which may follow if he neglect to defend the action. Mere knowledge or information of the existence of such an action, is entirely insufficient to bind the party by the judgment. Unless the party to the action notifies him that he expects him to defend the action, or to furnish testimony, or to do some other act to aid in it, he may well suppose that the party is well prepared to defend it, has all the evidence necessary, and needs no assistance from him to defend his title or assert his rights ; and he may well rely upon that supposition, for if the party desires his aid or assistance, it is his duty to give him full notice a reasonable time before the trial of the action to enable him to prepare for it. This doctrine in *Peabody* v. *Phelps* is just and right, and founded on well established principles of law ; but it has no application to the pres-

ent case.   Here was actual notice to Green of the pendency of the action, and he well knew what it was his duty to do, and the consequences to him if he failed.   If he had sued his tenant for rent, and this judgment in ejectment had been attempted to be used in bar of that action, then the rule laid down in *Peabody* v. *Phelps*, respecting notice, would perhaps have had some application.

We are referred to *Ex parte Reynolds* (1 Caine, 499), in which it was held that a tenant who was in possession anterior to the action of ejectment, cannot be dispossessed by the writ of possession, unless he was made a party.   This is a very good rule, but it does not apply to the present case ; for here Green was not in possession at the time of the commencement of the action, except by his tenant who was made a party.   Green, not being in actual possession at the commencement of the action, it was not *necessary* to make him a party ; and when he did take the possession from the defendant, with full notice of the pendency of the action, he held that possession subject to the perils of the suit.   The rule laid down in the case in 1 Caines' was recognized by this Court in the case of *Fogarty* v. *Sparks*, before referred to.

In the case of *Ryerss* v. *Wheeler* (25 Wend. 437), in the Supreme Court of New York, and which was afterwards taken to the Court of Errors, and is reported in 4 Hill, 466, it was held that a landlord was not concluded by a judgment rendered against his tenant in an action *of which he had no notice*, when pleaded or offered in evidence *in a subsequent suit*.   It will be readily seen that these cases do not relate to the point now before us.   The case of *Ryerss* v. *Rippey* (25 Wend. 431), depended upon the construction of a statute peculiar to the State of New York, and has no application to the present case.   The question here is not as to whether Green will be concluded in any subsequent action to which he may be a party by the judgment in this case, or precluded from setting up a title not in fact litigated or determined in this action, which was the point in *Ryerss* v. *Rippey*.   But the point is, whether he was not properly dispossessed by the writ, under all the circumstances of the case.   Indeed, it might well be urged, that having taken the burden of the defense of the action entirely upon himself, and having had full control of the defense in his own hands, he is not only

Sampson *v.* Ohleyer.

liable to be dispossessed by the writ, but would be concluded by the judgment in any subsequent action to which he may be a party.

It is insisted that Green neither knew of nor assented to the entry of the judgment by consent, and therefore ought not to be held bound by it in any way. In his petition he does not assert that he did not know of or that he never assented to the entry of judgment. He merely says he had no legal notice of the action. The evidence shows conclusively that the attorney who appeared for the defense, and who filed the answer and consented to the entry of judgment, was employed and directed by Green, and not by the defendant. If he has suffered by any unauthorized action of his attorney, his remedy is against him, but the judgment cannot be disturbed on that account, unless fraud or collusion, or insolvency of the attorney is shown, which is not pretended in this case. (*Suydam* v. *Pitcher*, 4 Cal. 280; *Holmes* v. *Rogers*, 13 Id. 191; *Taylor* v. *Randall*, 5 Id. 79.)

The rule of law was well settled, that " every man is presumed to be attentive to what passes in the courts of justice of the State or sovereignty where he resides. And, therefore, a purchase made of property actually in litigation, *pendente lite*, for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice ; and he will accordingly be bound by the judgment or decree in the suit." (1 Story's Eq., Sec. 405.) This rule sometimes operated as a hardship upon parties who had no actual notice, and the new Code of Practice (Sec. 27) provides, that the plaintiff or defendant may file a notice of the pendency of the action with the Recorder of the county in which the property is situated, and then provides, that " from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby." In no other respect are the rules of law relating to this subject changed by the statute. A purchaser or incumbrancer of property, instead of being required to examine all the suits pending in the several Courts to ascertain whether any of them relate to or affect the real estate he is negotiating about, has now only to examine the notices of *lis pendens* filed in the Recorder's office of the county where the real estate is

situated, and he is only bound by constructive notice of what may there appear. The rules of law relating to actual notice of a pending action, and the effect of such actual notice upon parties dealing with or taking possession of property in litigation, are in no sense changed by this section of the Practice Act, but remain the same as before this law was passed. (*Richardson* v. *White*, 18 Cal. 102; *Bensley* v. *Mountain Lake Water Co.*, 13 Id. 306; *Head* v. *Fordyce*, 17 Id. 149; *Ault* v. *Gassaway*, 18 Id. 205.) In these cases the purchaser or incumbrancer had no actual notice, but the principle was clearly laid down, that the filing of the notice was intended as a substitute for the rule that the pendency of the suit was itself constructive notice; and as relating to the question of constructive notice, and not of actual notice. Green, in this case, had actual notice, which was better than the mere constructive notice resulting from a paper filed under this section of the statute, and he is as much bound by the judgment as if that law had been complied with.

The order made by the Court below is reversed, and the Court is directed to dismiss the petition of Green, and set aside all the proceedings under it.