## RUSSELL H. BENNETT

*vs.*

## GEORGE HOTCHKISS, *et al.*

In May, 1867, H being owner of certain land, executed a bond to Sarah A. Shilling, wife of John Shilling, for the conveyance of the same to her upon her paying her two notes given for the purchase price. She went into possession and made large payments upon the notes. Sept. 11, 1868, B recovered a judgment against John Shilling, and Feb. 23d, 1869, filed a creditor's bill against Shilling and his wife, by which he sought to charge the land with his judgment. In the suit upon the creditor's bill notice of *lis pendens* was duly recorded, summons duly served on the Shillings, and on July 13th, 1870, a final decree entered in effect charging the land with the payment of his (B's) judgment. H was not made a party to the suit. July 6, 1870, H commenced an action to cancel the bond on the ground of Mrs. Shilling's failure to pay up the notes, and a decree of cancellation was made and filed Aug. 23d, 1870. January 23d, 1871, the land was sold to B under the decree of July 13, 1870. The present action was commenced in July, 1871, by B against H and the Shillings, to compel H to account as to what had been paid him under the bond, and to compel him to convey to B upon payment of whatever might be found due upon the bond. *Held*, that notice of *lis pendens* is notice only to persons acquiring rights *pendente lite*, or after judgment.

*Held* further, it not appearing that H had actual notice of the suit of Bennett against the Shillings, or that the decree of cancellation was obtained by fraud or collusion, that the effect of the judgment of cancellation was to wipe out the bond, and all the rights and interest of the Shillings or others thereunder, and to restore H to his title in and to the premises, and that he (H) is, therefore, not bound to account to or convey to B, or the Shillings, upon payment of the arrears of the notes.

George Hotchkiss, being the owner of certain lands in Sibley county, executed a bond to Sarah A. Shilling, wife of John Shilling, to convey the same to her, upon the payment

of certain notes of hers, given for the purchase price. The plaintiff claiming to have succeeded to the rights and interests of Mrs. Shilling, brought this action in the district court for said county, against Hotchkiss and the Shillings, demanding an accounting to ascertain the amount still unpaid on said notes, and that upon the payment of such amount, the defendant Hotchkiss be decreed to execute to him a deed of the premises, &c. A defense was interposed, which was successful in the court below. The plaintiff moved for a new trial, and his motion being denied, he appeals from the order denying the same to this court. The case is fully stated in the opinion.

W. P. WARNER, for Appellant.

I. ATWATER, for Respondent, Hotchkiss.

GEO. BRADLEY, for Respondents, Shilling.

*By the Court.*—BERRY, J.—In May, 1867, Hotchkiss being the owner of the land to which this action relates, executed to Sarah A. Shilling, wife of John Shilling, a bond for the conveyance of the same to her upon payment of her two notes given for the purchase price. She went into possession, and made large payments upon the notes. September 11, 1868, Bennett recovered a judgment against John Shilling, and February 23d, 1869, filed a creditor's bill against him and his wife, charging that the purchase evidenced by the bond and notes, was in fact made by and for the benefit of John Shilling in his wife's name, and that all the payments were made with said John's money, the object being to prevent Bennett from collecting the demand upon which the above mentioned judgment was recovered.

Bennett v. Hotchkiss et al.

The relief usual in such cases was prayed for, notice of *lis pendens* duly recorded, summons duly served on the Shillings, and on July 13, 1870, a final decree entered adjudging that the interest of said Sarah under the bond aforesaid, was held by her in trust to the extent necessary to satisfy the judgment aforesaid, and directing her said interest to be sold and the proceeds to be applied, as far as needed, to the payment of said judgment. July 6, 1870, Hotchkiss commenced an action against Mrs. Shilling to cancel the bond on the ground of alleged failure to pay up the notes aforesaid. Upon her default to appear, a decree of cancellation was made and filed August 23d, 1870. January 23d, 1871, the land was sold to Bennett, under the decree of July 13, 1870, in the case of the creditor's bill.

The present action was commenced in July, 1871, by Bennett against Hotchkiss and the Shillings, to compel Hotchkiss to account as to what had been paid him under the contract aforesaid, and to compel him to convey to Bennett upon payment of whatever upon such accounting might be found due. This case was tried by the court below, and upon the trial plaintiff introduced evidence to establish the foregoing facts, and some others which do not seem to possess any material importance, and also called upon the stand Isaac Atwater, whose testimony, so far as was important, was directed to the question whether Hotchkiss had notice of the suit of Bennett against the Shillings, and whether the decree of cancellation in the case of Hotchkiss against Mrs. Shilling was obtained by fraud and collusion. At the close of plaintiff's testimony, defendant, without offering any evidence upon his part, moved that the action be dismissed, and upon advisement the motion was granted. Plaintiff moved for a new trial upon the grounds that the dismissal was against law, and was not justified by the evidence.

We take it, that upon the evidence in this case (all of which was introduced by plaintiff, and which whether plaintiff is or is not precluded from questioning it, is all there is in the case,) the effect of the judgment of cancellation in the action brought by Hotchkiss against Mrs. Shilling, was to wipe out the bond and all the rights and interest of the Shillings or others thereunder, and to restore Hotchkiss to his original, absolute and unincumbered title in fee to the premises in question, unless by the proceedings in the action of Bennett against the Shillings, Bennett acquired a right which Hotchkiss was bound to regard. Hotchkiss was not made a party to the action brought by Bennett against the Shillings, and the filing of the notice of *lis pendens* did not affect him, because his interest in the property was paramount, and prior to that claimed by Bennett, and the filing of a notice of *lis pendens* is notice only to persons acquiring rights *pendente lite*, or after judgment. *Gen. Stat.*, ch. 75, § 16 ; 1 *Story Eq. Ju.*, § 405-6 ; *Worsley v. Earl of Scarborough*, 3 *Atk*. 392 ; *Bellamy vs. Sabine*, 1 *De Gex. & Jones*, (58 *Eng. Ch.*) 566 ; *Richardson vs. White*, 18 *Cal.* 107 ; *Sampson vs. Ohleyer*, 22 *Cal.* 210 ; *Conkey vs. Dike*, 17 *Minn.* 462.

Whether Hotchkiss had actual notice of the pendency of the proceedings taken by Bennett against the Shillings, was a question of fact in the court below, in the decision of which adversely to the plaintiff, we cannot say that there was error.

Hotchkiss is then to be assumed to have had no notice of the proceedings in Bennett's action against the Shillings, and to have recovered his judgment cancelling the bond, in ignorance of any claim upon Bennett's part to the premises in controversy. The charge that the decree of cancellation was obtained by fraud and collusion between Hotchkiss and the Shillings, the design of which was to chouse Bennett out of his debt and claim upon the land, is also by the dismissal of

the present action found against the plaintiff. The issue in regard to it was an issue of fact, and as before, we cannot upon the evidence say that the court erred in its determination of the same.

Hotchkiss then must be assumed to have had no notice, actual, or constructive, of Bennett's proceedings against the Shillings, and to have recovered his judgment of cancellation fairly, and not fraudulently, or collusively. Such being the case, we perceive no reason why Hotchkiss should be affected by, or bound to regard any rights which Bennett acquired by his suit against the Shillings. If we are right in this position, it follows, that the decree of cancellation has wiped out all the rights and interests of all persons under the bond, and has restored Hotchkiss to a title in fee to the premises ; a title cleared of any obligation arising from the execution of the bond, or any rights derived therefrom, or from anything which has been done under the bond. If this is so, Bennett has acquired no rights, as against Hotchkiss, and the latter is not bound to account, or to convey to Mrs. Shilling, or to Bennett, upon payment of the arrears of the purchase money for which the land was bargained to Mrs. Shilling.

These views appear to us, to dispose of this case upon its merits, and to render it unnecessary to consider in detail most of the elaborate argument of the appellants.

Order denying a new trial affirmed.