## SIMEON CADWALLADER

*v.*

## FRANKLIN HARRIS.

1. FORMER RECOVERY—*against vendee of land, in ejectment, does not conclude vendor.* A recovery in ejectment by default against the vendee of land who is in possession under an unexecuted contract of purchase, is not conclusive upon the rights of the vendor, even though he had notice of the pendency of the suit, and can not be set up to defeat an action of ejectment subsequently brought by him for the same land.

2. A recovery in such a case will conclude only the defendant in the action, as shown by the record, and all persons claiming from or through him by title accruing after the commencement of the action, and the landlord when the defendant is his tenant. The relation of landlord and tenant does not exist between vendor and vendee.

3. STATUTES—*extent of their effect on common law.* It is a general rule, that statutes are not to be presumed to alter the common law farther than they expressly declare.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding

Messrs. SKINNER & MARSH, for the appellant.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action of ejectment, brought in the Adams circuit court, by appellee, Harris, against appellant, Cadwallader, to recover the lands in question. The plaintiff had judgment, to reverse which this appeal is prosecuted.

It is not contended that plaintiff's evidence failed to make out a *prima facie* case; but the question is raised in this court that he was concluded by the judgment of the United States Circuit Court for the Southern District of Illinois, rendered at the June term thereof, 1867, in favor of one Kibbie, against Sturtevant, the latter being in possession as vendee of Harris

under an executory contract of sale of the lands in question, but only a portion of the purchase money having been paid.

There is nothing in the record tending to show that the strict relation of landlord and tenant existed between Harris and Sturtevant at the time the suit against the latter was brought in the Federal Court by Kibbie, or during its pendency. Counsel rely upon a virtual relation of that nature arising by implication of law, and, in argument for appellant, they assume that notice of the pendency of the suit against Sturtevant was given to Harris, wherefore they say he is concluded by the judgment. It is not pretended that Harris was brought or came in to defend the suit against Sturtevant, so as to become a party to the record.

His title was so connected to and consistent with the possession of Sturtevant, the occupant, that he might properly have been let in to defend in that action. *Williams* v. *Brunton,* 3 Gilm. 600. But he was not, and the question is, whether, the relation of vendor and vendee existing under an unperformed contract of sale and purchase, the vendor, under the circumstances of this case, is concluded by the judgment against the vendee. It is insisted, on behalf of appellant, that he is; but this result is predicated upon the fact of notice or knowledge of the pendency of the suit against the vendee.

Upon that question there was a contrariety of testimony, and it was for the court below, sitting in the place of a jury, to determine with which party was the weight of the evidence. The court having found for the plaintiff, then, if the fact of notice was material, the presumption would be indulged that the finding was against the alleged notice. But was it material, or, in other words, would Harris be concluded by the judgment against his vendee, to which he was not a party, even if notice had been shown by positive, uncontroverted evidence? By the common law, a judgment in ejectment was not conclusive upon the title of either of the parties to the record; but an innovation has been made, by statute, upon this rule of the common law.

By the 29th section of our original Ejectment act, it is provided : "Every judgment in the action of ejectment rendered upon a verdict, shall be conclusive as to the title established in such action upon the *party* against whom the same is rendered, and against all persons claiming from, through or under such party, by title accruing after the commencement of such action."

The only other provision as to the effect of the judgment, contained in the statute, is in the 31st section, which gives the same identical effect, after two years, to a judgment by default.

No proposition could be plainer than that Harris, the vendor, did not claim from, through or under Sturtevant, his vendee, by any title accruing either before or after the commencement of Kibbie's action against Sturtevant. If, therefore, the judgment against the latter can be held conclusive upon Harris, it must be upon the ground that he was in some way, theoretically or constructively, a party against whom the same was rendered.

It is a general rule, that statutes are not to be presumed to alter the common law farther than they expressly declare. But whether the court apply that rule, or the statute in question be construed liberally according to its fair intent, the word "party," when applied to a defendant, can only mean the person or persons named as defendant or defendants in the judgment.

Our statute, in this respect, is but a copy of that of New York. The latter received a construction by the Supreme Court of that State, in 1841, Nelson, Ch. J., delivering the opinion of the court. After quoting the language of the act, which is identical with ours, the court said : "It is plain the act applies only to the *party* or *parties* to the record and *privies*. The mere retainer of an attorney, or other acts by the *party in interest* to defend the suit, does not bring the case within the act, nor should the application of the provision turn upon any such extraneous matters. The record of the suit should

be the test, and must be, as it respects the person against whom the verdict is rendered." *Byerss* v. *Rippey,* 25 Wend. 431.

The judgment against Sturtevant was by default. Section 31, of the Ejectment act, declares : "Every judgment in ejectment, rendered by default, shall, from and after two years from the time of entering the same, be conclusive upon the *defendant* and upon all persons claiming from or through him, by title accruing after the commencement of the action." The word "*defendant*," here employed, is even more explicit than that of *party,* in the other section ; for the law recognizes a *party in interest* as well as a party to the record, but a judgment by default can not be rendered against one not named as a party to the record.

From these provisions and their context it seems very clear that the fair intention of the legislature was, to make the record in these as in other cases the test. For, as respects the person against whom the verdict is rendered in the one case, and the judgment by default in the other, the record must constitute the sole test. Upon those persons and privies the statute makes the judgment conclusive. Can the court extend the effect beyond that given by the statute, and not falling within recognized principles? As between the vendor and vendee themselves, if ejectment be brought against the latter, and he notify his vendor to defend, the judgment might, for some purposes, be held conclusive. But that is not the view in which it is claimed to be conclusive. It is that it is conclusive between the vendor and the party who brought ejectment against the vendee, and it is upon the ground of the relation of landlord and tenant by legal implication. It is true, the court, in *Oetgen* v. *Ross,* 47 Ill. 142, so held, where the strict relation of landlord and tenant subsisted. The basis of the doctrine was section 5, of the Landlord and Tenant act, requiring the tenant, under a penalty, to notify his landlord when sued in ejectment.

The section just referred to, prescribes no form or manner of giving such notice to the landlord. If it had been intended that such notice should have the effect which the court, in that case, has ascribed to it, the legislature would, at least, have required that it be given in writing, or some formal manner. The tendency of the doctrine is subversive of the principle which underlies the entire policy of our system, in regard to acquiring jurisdiction of the person. Why is so formal a notice by service of process indispensable to a valid judgment upon contract or in actions sounding in damages, when the most casual means of knowledge of a party's claim of title and suit brought may give jurisdiction to divest a man of the most valuable tracts of land?

Nothing being required to appear of record, the door is opened for the grossest frauds and perjuries. It is a doctrine which ought not to be extended to any case where the strict relation of landlord and tenant does not exist. Such relation does not exist between vendor and vendee.

The judgment of the court below should be affirmed.

*Judgment affirmed.*