[No. 9404.  In Bank. — December 29, 1886.]

PETER  G.  PARTRIDGE,  APPELLANT,  v.  J.  L.  N.
SHEPARD ET AL., RESPONDENTS.

JUDGMENT BY CONSENT — EFFECT OF — CANNOT BE COLLATERALLY ATTACKED
OR SUPPORTED — IMMATERIAL ERROR. — A judgment by consent in an
action in which the court has jurisdiction of the subject-matter and of
the parties will bind them and their privies as efficaciously as if it
had been entered after a trial of the issues.
ID. — EJECTMENT — NOTICE OF LIS PENDENS — NOT NECESSARY PRIOR TO
MAY 1, 1872. — Prior to May 1, 1872, on which date the act of March 2,
1872, took effect, the provisions of the practice act in relation to filing
notice of the pendency of actions did not apply to the action of eject-
ment.
ID. — PURCHASER PENDENTE LITE — SUBSEQUENT JUDGMENT BINDING ON. —
Prior to the 1st of May, 1872, a purchaser *pendente lite* of the premises
in controversy in an action of ejectment from a defendant in possession
thereof was bound by the judgment afterwards rendered in the action;
and such judgment is admissible against him in a subsequent action
brought by him to recover possession of the same premises from the
plaintiffs in the prior action.
DEED OF TRUST — LEGAL TITLE PASSES BY. — A deed of trust of land given
as security for the payment of an indebtedness conveys the legal title.
ID. — DEED OF TRUST ADMISSIBLE TO SHOW TITLE OUT OF GRANTORS —
EJECTMENT. — In an action of ejectment, where the plaintiff claims title
under a deed executed to him on a given date, a prior deed of trust ex-
ecuted by his grantors, as security for an indebtedness due from them,
is admissible in evidence as tending to show that they did not have the
legal title to the premises at the time of the deed to the plaintiff; and
the question whether the indebtedness has been paid and a reconveyance
made by the trustees does not affect its admissibility.
ID. — STATUTE OF LIMITATIONS — PAYMENT OF TAXES. — In such an action,
evidence that the defendant has paid the taxes on the premises in con-
troversy is admissible in support of the plea of the statute of limita-
tions.
ID. — EVIDENCE — CROSS-EXAMINATION. — Certain questions asked of the
plaintiff on cross-examination in reference to his alleged payment of
taxes on the land in controversy, *held*, proper.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*E. A. & G. E. Lawrence,* for Appellant.

*Page & Eells,* and *M. Lynch,* for Respondents.

SEARLS, C.—This is an action of ejectment to recover portions of blocks 370, 371, 376, and 377, Western Addition, San Francisco. The cause was tried by a jury, and a verdict rendered in favor of defendants, upon which judgment was entered. Plaintiff moved for a new trial, which was refused, and this appeal is by plaintiff from the judgment and order denying his motion.

The complaint avers that on the second day of June, 1878, plaintiff was the owner and in possession of the demanded premises, and that on the third day of June, 1878, defendants entered and ousted him therefrom.

Defendants Shepard and Judson answered separately, the former by way of general denial of the allegations of the complaint, and the latter, in addition to a denial of the allegations of the complaint, pleaded the statute of limitations of five years, also that the claim of the plaintiff is barred by the provisions of the statute of May 5, 1864, entitled "An act to limit the time for the commencement of civil actions in certain cases"; and in a supplemental answer defendant pleads a former recovery by him and Gilbert J. Place of the same premises by a judgment of the District Court of the Fourth Judicial District of the state of California, in and for the city and county of San Francisco, rendered in their favor and against Paul Molloy, Michael Dalton, Richard Donovan, and others, on or about March 27, 1873.

At the trial, there was testimony on behalf of plaintiff tending to show that in 1863 Richard Donovan went to live upon the demanded premises with his family; that he inclosed the same in company with Michael Dalton with a good fence, and pastured his goats and a horse thereon; that in October, 1865, Dalton built a house on the premises, as Donovan had previously done; that

they cultivated a portion of the premises for a couple of years, and held the land as tenants in common.

Michael Dalton and Margaret C. Dalton, his wife, conveyed to the plaintiff herein their interest in the demanded premises, by deed dated June 15, 1872, and recorded February 3, 1873.

On the twenty-third day of February, 1866, R. Donovan, M. Dalton, and Margaret Dalton, his wife, conveyed to Alfred Borel fifty-vara lot No. 4 in block 377.

On the 8th of March, 1867, Richard Donovan, Michael Dalton, and Margaret, his wife, executed an agreement to Alfred Borel, in which the conveyance of lot 4 in block 377 is recited, and it is agreed that upon a division of the property Borel should be at liberty to so locate the interests of the grantors in the deed of lot 4, block 377, as to protect his (Borel's) title to said lot 4; and in the event said lot should not be set off to Borel in a division of the property, then the parties of the first part convey to said Borel an equivalent amount of land of equal quantity and value, in the tract of which they were the owners, etc.

The deed from Donovan, Dalton, and wife to Borel was afterwards stricken out by the court upon the ground that lot 4 in block 377 was not in controversy in this action, and the agreement above referred to was also on motion of defendants stricken out, upon the ground that it did not appear that Borel had failed to procure title to lot 4 in block 377.

A deed from Borel to plaintiff Partridge, dated March 8, 1867, of lot 4 in block 377, was offered in evidence, and on objection of defendants was ruled out, upon the ground that the land therein described is not in controversy in this action.

Defendants Egbert Judson and Shepard introduced the judgment roll in Egbert Judson and Gilbert J. Place *v.* R. Donovan, Michael Dalton, and others, as defendants, being an action of ejectment to recover by the plaintiffs

therein possession of certain premises therein described, and which are shown to embrace the demanded premises in this action.

That action was commenced as early as 1865; the answer of Michael Dalton having been filed March 31, 1865, and that of Donovan May 13, 1865. Defendants denied plaintiff's title, set up the statute of limitations in bar of the recovery, and some other defenses.

On the twenty-seventh day of March, 1873, Richard Donovan, Michael Dalton, James Casey, and Daniel Cronin, defendants in said cause, appeared in court by counsel, withdrew the answers by them respectively filed, and consented that judgment be entered in favor of plaintiffs in accordance with the prayer of their complaint, whereupon judgment was entered by the court in favor of plaintiffs and against said defendants for the recovery of the possession of the premises described in the complaint.

A writ of possession issued to the sheriff of the city and county of San Francisco, on the twenty-eighth day of March, 1873, which was returned July 28, 1873, by the sheriff. The return shows that plaintiffs were placed in possession of that portion of the premises described in the map attached thereto and made part of the return.

Defendants introduced evidence tending to show possession in themselves continuously since 1873. Also deed from José R. Valencia and Torevia Tanfaran to Richard Donovan, dated February 4, 1863, conveying the demanded premises. Also a quit claim deed from Richard Donovan to Richard Whoulihan dated February 28, 1863, conveying the Donovan and Dalton tract, except a lot on the south line of Page Street, 20 feet front by 80 feet deep.

On the 28th of February, 1863, Richard Whoulihan conveyed the one undivided half of the same premises to Susannah Donovan, wife of Richard Donovan; consideration, love and affection. Defendants deraign title

from Susannah Donovan and Richard Donovan by sundry mesne conveyances.

Defendants also introduced a deed from Dalton and wife to E. W. Burr and Benjamin D. Dean of the second part, and Savings and Loan Society of the third part, being a deed of trust dated January 29, 1872, given to secure the payment of two thousand dollars and interest, to the third party, and all further indebtedness, not exceeding three thousand dollars. This deed conveys a lot on the southwest corner of Page and Fillmore streets fronting 63 feet on Fillmore by 120 feet on Page Street, and being a portion of block 371. Also the undivided one half of the residue of the demanded premises.

The first point made by appellant is, that the court below erred in overruling his objection to the question put to plaintiff Partridge, who was a witness on his own behalf, and whom the court permitted defendants' counsel to ask on cross-examination as follows:—

"You held it [the property] as security for the debt, did you not?"

The witness had testified to paying taxes and street assessments, not only upon lot 4 in block 377, but upon the lot where Dalton lived, and upon other portions of the property; that he had tried to get money out of Dalton, but could not, and the latter had come to him to pay his (Dalton's) taxes, and had spoken of "moneys advanced to Dalton and his wife."

Under these circumstances, it was proper on cross-examination to ascertain whether plaintiff was paying taxes and street assessments upon the property as an owner and for himself, or for Dalton, and if he claimed the property as security for such payment, it would tend in some degree to show that he was not making the payment for himself, but for Dalton.

The answer of the witness was:—

"Well, partially—yes—partially. I was saving myself at the same time,—saving the property for which I have a deed."

Conceding the question to have been improper, there was nothing in the answer which could have in the least injured plaintiff.

It is objected to the judgment roll in Judson *v.* Molloy, that it was a "consent judgment."

We know of no good reason why a judgment entered by consent of parties in a cause of which the court has jurisdiction of the subject-matter and of the parties is less efficacious than if entered after a trial of the issues.

It may be impeached like any other judicial record, by evidence of a want of jurisdiction in the court rendering it, by showing collusion between the parties, or by proof of fraud on the part of the party offering the record. (Code Civ. Proc., sec. 1916; Freeman on Judgments, sec. 330; *Semple* v. *Wright*, 32 Cal. 659; *Secrist* v. *Zimmerman*, 55 Pa. St. 446; *McCreery* v. *Fuller*, 63 Cal. 30.)

We conclude, therefore, that a judgment by stipulation of parties will bind them and those in privity with them.

The action, as before stated, was commenced as early as 1865, pending which, and in 1869, Partridge took a conveyance of lot 6, in block 371, from Dalton, one of the defendants in that action, and subsequently, on the fifteenth day of June, 1872, plaintiff took a conveyance from Dalton and wife of all their interest in the demanded premises. The former deed was recorded November 30, 1870, and the latter on the third day of February, 1873.

There is no evidence that defendants Judson and Shepard had any notice in fact of these deeds, or of either of them, or any interest in plaintiff; but on the contrary, the evidence shows that they did not have such knowledge. Judson paid the defendants Donovan and Dalton some twelve thousand dollars, to end the litigation and procure the judgment in his favor, but we fail to see in this any evidence of fraud or collusion.

No notice of the pendency of the action was, so far as appears, filed in the office of the recorder. Prior to May 1, 1872, the provision of the Practice Act (sec. 27), in relation to filing notice of the pendency of actions, did not apply to the action of ejectment. (*Long* v. *Nevill*, 29 Cal. 131; *Wattson* v. *Dowling*, 26 Cal. 125.)

By the act of March 2, 1872, which took effect May 1, 1872, the Practice Act was so amended that notice of the pendency of an action applied alike to causes affecting the right to possession of real property with those relating to the title.

At common law, the purchaser *pendente lite* of the subject of the controversy took as a mere volunteer or intruder, and was bound by the result of the controversy. (*Richardson* v. *White*, 18 Cal. 106; *Debell* v. *Faxworthy's Heirs*, 9 B. Mon. 228; *Secombe* v. *Steele*, 20 How. 105; *Green* v. *White*, 7 Blackf. 242; *Baker* v. *Pierson*, 5 Mich. 461.)

By section 263 of the Practice Act it was provided that " an action for the recovery of real property against a person in possession cannot be prejudiced by any alienation made by such person, either before or after the commencement of the action."

The defendant Dalton was in possession, and an action of ejectment was being prosecuted against him to recover possession.

Pending such action, and before the amendment of March, 1872, he conveyed fifty-vara lot No. 6, in block 371, a portion of the demanded premises in that cause, and a portion of which fifty-vara lot is included in this action, to plaintiff Partridge.

His grantee was bound equally with himself by the judgment afterward rendered in that action, and the judgment was admissible in evidence against the plaintiff in this cause, and plaintiff's objection thereto was properly overruled.

Whether the judgment offered in evidence was a bar

to the recovery by plaintiff of so much of the land as was conveyed to him by the deed of June 15, 1872, executed after the amendment of the Practice Act, so as to require notice of the pendency of actions of this character to be recorded, must depend upon the question whether or not the statute, when amended, applied to actions existing and pending at the date of such amendment.

That question is not necessarily involved in the objection as made, because if the judgment was admissible for any purpose, or as to any part of the demanded premises, its admission was proper; and upon the question as indicated above, we express no opinion.

The instruction asked by counsel for plaintiff in the following language, " I instruct you that the record of the judgment in the case of Judson *v.* Molloy, against Dalton, given in evidence herein, is no bar to plaintiff's recovery herein," was properly refused, for the reason given in disposing of the admissibility of the judgment as evidence.

We think the objection of plaintiff to the introduction of the affidavit of E. A. Lawrence should have been sustained. It was introduced to show that there was no fraud in the entry of the former judgment.

Its introduction, however, could not injure the plaintiff, for the reason that in the present action of ejectment a collateral attack upon that judgment could not be made. Being fair upon its face, and rendered by a court of competent jurisdiction in a proper case, it must stand until set aside by some direct proceeding for that purpose. (Freeman on Judgments, sec. 334.)

It follows that the affidavit could cut no figure under the pleadings in the determination of the cause, and the judgment should not be reversed on account of this error.

The deed from Dalton and wife to Burr and Dean, dated January 29, 1872, was properly admitted in evi-

dence. It was a deed of trust, given to secure the payment of money, but it conveyed the legal title. (*Koch* v. *Briggs*, 14 Cal. 256; *Grant* v. *Burr*, 54 Cal. 298; *Bateman* v. *Burr*, 57 Cal. 480; *Durkin* v. *Burr*, 60 Cal. 360.)

It was therefore admissible to show title out of Dalton and wife prior to their conveyance of June 15, 1867, to plaintiff.

The question of the payment of the money which the trust deed was given to secure, and of a reconveyance, did not affect the admissibility of the deed, but were questions to be determined upon proper testimony, and were, as we think, properly disposed of by the court.

The evidence of the payment of taxes by Judson was properly admitted under his plea of the statute of limitations. (Code Civ. Proc., sec. 325.)

We think the evidence of adverse possession on the part of Judson was sufficient to authorize the verdict of the jury; and that, coupled with the other defenses set up and proved, defendants were clearly entitled to the judgment in their favor, and that the record presents no error calling for a reversal.

The judgment and order appealed from should therefore be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.